**Kevin MAYFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–04–509 CR.

Court of Appeals of Texas, Beaumont.

Submitted June 9, 2005.

Decided June 29, 2005.

Bruce A. Hoffer, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., Philip Babin, Asst. Criminal Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

This is an appeal from the revocation of Kevin Mayfield's community supervision. Except for one vital fact, the procedural circumstances surrounding the cause are not in dispute. Appellant was indicted for delivery of a controlled substance of less than one gram, a state jail felony, with the offense date listed as on or about February 24, 1998.[1] Subsequently, appellant pleaded guilty and on June 1, 1999, he was found guilty by the trial court and assessed two years' confinement in a state jail facility of the Texas Department of Criminal Justice—Institutional Division.[2] The trial court suspended imposition of the sentence of confinement and placed appellant on community supervision for a term of five years, and fined appellant $500.00.

Appellant's only issue contends that the trial court was without jurisdiction to revoke appellant's probation.

Included within the community supervision order and on the same page as his signature is the following language:

> The Court authorizes your community supervision officer to modify conditions of community supervision and to transfer you to any community supervision program or residential facility deemed appropriate based upon your risk to the community and the level of your rehabilitation needs. If you do not agree to the modification in writing, the community supervision officer will refer the case to the Court so that a hearing may be conducted.

The record indicates that over the course of the next five years the trial court was provided with a number of administrative hearing referrals which alleged various violations by appellant of the terms and conditions in his community supervision order. In January of 2000, the State filed a motion to revoke appellant's community supervision alleging commission of a new offense as well as a number of administrative violations. In September of 2000, appellant's community supervision order was amended to add placement on "Surveillance Probation" until further order by the trial court and to add a requirement of entry and successful completion of a local drug diversion/intervention program. The revocation motion was "held in abeyance."

Appellant's problems with compliance continued into 2001 and 2002, and on August 28, 2002, the trial court entered an order again modifying appellant's commu-

---

1. See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3705. The current version is found in Tex. Health & Safety Code Ann. § 481.112(a), (b) (Vernon 2003).

2. Now the Texas Department of Criminal Justice—Correctional Institutions Division.

nity supervision order by requiring appellant to "serve a term of confinement and treatment in a substance abuse treatment facility ... for a term of not less than 90 days or more than 1 year." Subsequently, on May 12, 2003, the trial court entered an order releasing appellant from the substance abuse facility but placing him under the care of a recovery agency.

Thereafter, our record contains an administrative hearing referral document dated May 4, 2004, in which the community supervision hearing officer recommended to the trial court that appellant's community supervision be extended an additional year so that appellant could complete his community service hours and so that he could become current on his delinquent probation fees. This administrative hearing document also indicates that "Probationer DOES AGREE with this recommendation." The trial court entered an order approving the administrative hearing officer's recommendation to extend appellant's probation term for an additional year, with the order being signed on May 4, 2004. Therefore, instead of appellant's community supervision expiring on June 1, 2004, the trial court's extension order resulted in a new expiration date of June 1, 2005. Appellant's brief fails to take any note of the trial court's May 4, 2004, order extending appellant's probation for an additional year.

Tex.Code Crim. Proc. Ann. art. 42.12, § 15(b) (Vernon Supp.2005) provides that while the maximum period of community supervision a judge may impose on state jail felony defendants is five years, an exception provides that "the judge may extend the maximum period of community supervision under this section to not more than 10 years." Furthermore, "[a] judge may extend a period of community supervision under this section at any time during the period of community supervision,

or if a motion for revocation of community supervision is filed before the period of community supervision ends, before the first anniversary of the expiration of the period of community supervision." Id.

In the instant case, appellant is simply mistaken in arguing the filing of the State's final motion to revoke community supervision and the subsequent revocation were after appellant's community supervision had expired. Appellant does not attack the trial court's May 4, 2004, extension of probation order. Indeed, appellant appears oblivious to the order's existence.

On the face of the record, therefore, appellant is incorrect in urging that he was revoked after his term of community supervision had expired. The judgment revoking appellant's community supervision was entered on November 12, 2004, well within the trial court's one-year extension period. From the face of the record, we find no error nor abuse of discretion of any kind. Appellant's issue is overruled. The judgment revoking appellant's probation is affirmed.

AFFIRMED.