

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00072-CR

SEQUEASIA TURNER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Sequeasia Turner appeals the trial court's judgment revoking her community supervision. Turner pleaded guilty to the offense of forgery—possessing a check with intent to pass. On August 14, 2006, the trial court placed Turner on two years' deferred adjudication community supervision. After the trial court extended her community supervision on multiple occasions, the State filed a petition to proceed to adjudication on November 30, 2009. The trial

---

[1]See Tex. R. App. P. 47.4.

court adjudged Turner guilty and sentenced her to twelve months' confinement in the state jail.

In two points, Turner asserts that the trial court lacked jurisdiction to revoke her community supervision and that the trial court's judgment incorrectly reflects that she pleaded "True" to all paragraphs of the State's petition to proceed to adjudication when in fact she only pleaded "True" to paragraphs three and seven. We will modify the trial court's judgment and affirm it as modified.

The facts underlying this case are not in dispute. On August 14, 2006, the State charged Turner with forgery, to wit: possession of a check with intent to pass. *See* Tex. Penal Code Ann. § 32.21(d) (Vernon 2009). Turner waived her right to a jury trial and pleaded guilty, and the trial court placed her on two years' deferred adjudication community supervision.

The trial court later extended her community supervision on three separate occasions. Regarding the first extension, on July 8, 2008, the trial court extended her community supervision one year beginning August 13, 2008. The July 8 supplement reflects that "[i]f all fees and community service hours are complete and no further violations occur, the court will release" Turner from further supervision. The trial court next extended Turner's community supervision on June 10, 2009, for one month beginning August 12, 2009. This order reflected that Turner was required to "re-enroll and successfully complete" outpatient treatment. The trial court again extended Turner's community supervision on August 31, 2009, for three months, with the extension to begin

2

September 11, 2009.  This final extension order expressed that Turner "[m]ay be released early from probation once all remaining conditions are complete and there are no further violations."

The State filed its petition to proceed to adjudication on November 30, 2009.  On February 5, 2010, the trial court conducted a hearing on the State's petition.  Turner pleaded "Not True" to paragraphs one, two, five, and six, but pleaded "True" to paragraphs three and seven.[2]  After the hearing, the trial court found "True" the allegations in paragraphs one, two, three, five, and seven.  The trial court found "Not True" the allegations in paragraph six.  The trial court adjudicated Turner guilty, revoked Turner's community supervision, and sentenced her to twelve months' confinement in the State Jail Division.  Although the copy of the State's petition in the clerk's record, the certificate of proceedings, and the reporter's record of the revocation hearing all reflect Turner's actual pleas regarding the paragraphs in the State's petition, the "Judgment Adjudicating Guilt" states only that Turner pleaded "True" to the State's motion to adjudicate.  This appeal followed.

In her first point, Turner asserts that we should modify the judgment to reflect that she pleaded "Not True" to paragraphs one, two, five, and six of the State's petition to proceed to adjudication, and "True" to paragraphs three and seven.  We agree.

---

[2]The petition did not have a paragraph four.

3

Rule 43.2 of the rules of appellate procedure provides that a court of appeals may modify the trial court's judgment and affirm it as modified. Tex. R. App. P. 43.2(b). When an appellate court has the necessary data and evidence before it for modification, the judgment and sentence may be modified on appeal. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *see Barecky v. State*, 639 S.W.2d 943, 945 (Tex. Crim. App. [Panel Op.] 1982) (holding that when an appellate court has the same information for modifying the judgment as the trial court would have were the judgment reversed or the appeal dismissed, the judgment will be modified on appeal); *Jordan v. State*, 552 S.W.2d 478, 479 (Tex. Crim. App. 1977) (same); *Nelson v. State*, 149 S.W.3d 206, 213 (Tex. App.—Fort Worth 2004, no pet.) (holding that an appellate court may modify a trial court judgment to make the judgment congruent with the record).

It is clear from the record that Turner pleaded "True" only to paragraphs three and seven of the State's petition to proceed to adjudication. Accordingly, we sustain Turner's first point and modify the trial court's judgment adjudicating guilt to reflect that Turner pleaded "True" to paragraphs three and seven of the State's petition and "Not True" to paragraphs one, two, five, and six of the State's petition.

In her second point, despite the record reflecting that Turner violated the terms of her community supervision each time prior to the trial court extending it, Turner argues that the trial court failed to demonstrate that it had "good cause" to extend her community supervision. Turner argues that without "good cause," the

4

trial court could not have extended her probation and that, thus, by the time the State proceeded to adjudication, the trial court lacked jurisdiction to revoke. The State counters that Turner's complaint is improperly based on a statute that does not apply to her state jail felony; rather, the State argues that Turner's "reliance upon [Texas Code of Criminal Procedure] art. 42.12, § 22(c) is misplaced as 42.12, § 15(b) is the controlling provision." We agree with the State.

The trial court placed Turner on deferred adjudication for a state jail felony. But Turner cites Texas Code of Criminal Procedure 42.12, section 22(c) for the proposition that the trial court was required to show "good cause" for its extending her community supervision. As the State points out, however, the governing provision for a state jail felony like Turner's is Texas Code of Criminal Procedure 42.12 section 15(b), not section 22(c). *Compare* Tex. Code Crim. Proc. Ann. art. 42.12, § 22(c) (Vernon Supp. 2010) *with* Tex. Code Crim. Proc. Ann. art. 42.12, § 15(b) (Vernon Supp. 2010).

Texas Code of Criminal Procedure article 42.12, section 15(b) provides that "[a] judge may extend a period of community supervision under this section at any time during the period of community supervision, or if a motion for revocation of community supervision is filed before the period of community supervision ends, before the first anniversary of the expiration of the period of community supervision." *Id.* Here, Turner is simply mistaken that the trial court required a showing of "good cause" and that without such a showing, the trial court could not have extended her community supervision and thus ultimately

5

lacked jurisdiction to revoke it. *See Mayfield v. State*, 167 S.W.3d 585, 586 (Tex. App.—Beaumont 2005, no pet.) (discussing trial court's power to extend state jail felony community supervision under section 15(b)). The evidence in the record does not show that the trial court erred in its application of the governing statute. Therefore, we overrule Turner's second point.

Having sustained Turner's first point, we order the judgment modified to reflect that Turner pleaded "Not True" to paragraphs one, two, five, and six of the State's petition to proceed to adjudication and "True" to paragraphs three and seven of the State's petition. Having overruled Turner's second point, we affirm the trial court's judgment as modified.

                                        BILL MEIER
                                        JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 5, 2011