02-10-072-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00072-CR

 

 


 
 
 Sequeasia Turner
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 371st
District Court OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1]

------------

          Appellant
Sequeasia Turner appeals the trial court’s judgment revoking her community
supervision.  Turner pleaded guilty to the offense of forgery—possessing a
check with intent to pass.  On August 14, 2006, the trial court placed Turner
on two years’ deferred adjudication community supervision.  After the trial
court extended her community supervision on multiple occasions, the State filed
a petition to proceed to adjudication on November 30, 2009.  The trial court
adjudged Turner guilty and sentenced her to twelve months’ confinement in the state
jail.

          In
two points, Turner asserts that the trial court lacked jurisdiction to revoke
her community supervision and that the trial court’s judgment incorrectly
reflects that she pleaded “True” to all paragraphs of the State’s petition to proceed
to adjudication when in fact she only pleaded “True” to paragraphs three and
seven.  We will modify the trial court’s judgment and affirm it as modified.

          The
facts underlying this case are not in dispute.  On August 14, 2006, the State
charged Turner with forgery, to wit:  possession of a check with intent to
pass.  See Tex.
Penal Code Ann. § 32.21(d) (Vernon 2009).  Turner waived her right to a
jury trial and pleaded guilty, and the trial court placed her on two years’
deferred adjudication community supervision.

          The
trial court later extended her community supervision on three separate
occasions.  Regarding the first extension, on July 8, 2008, the trial court
extended her community supervision one year beginning August 13, 2008.  The
July 8 supplement reflects that “[i]f all fees and community service hours are
complete and no further violations occur, the court will release” Turner from
further supervision.  The trial court next extended Turner’s community
supervision on June 10, 2009, for one month beginning August 12, 2009.  This
order reflected that Turner was required to “re-enroll and successfully
complete” outpatient treatment.  The trial court again extended Turner’s community
supervision on August 31, 2009, for three months, with the extension to begin
September 11, 2009.  This final extension order expressed that Turner “[m]ay be
released early from probation once all remaining conditions are complete and
there are no further violations.”

          The
State filed its petition to proceed to adjudication on November 30, 2009.  On
February 5, 2010, the trial court conducted a hearing on the State’s petition. 
Turner pleaded “Not True” to paragraphs one, two, five, and six, but pleaded “True”
to paragraphs three and seven.[2]  After the hearing, the
trial court found “True” the allegations in paragraphs one, two, three, five,
and seven.  The trial court found “Not True” the allegations in paragraph six. 
The trial court adjudicated Turner guilty, revoked Turner’s community
supervision, and sentenced her to twelve months’ confinement in the State Jail
Division.  Although the copy of the State’s petition in the clerk’s record, the
certificate of proceedings, and the reporter’s record of the revocation hearing
all reflect Turner’s actual pleas regarding the paragraphs in the State’s
petition, the “Judgment Adjudicating Guilt” states only that Turner pleaded
“True” to the State’s motion to adjudicate.  This appeal followed.

          In
her first point, Turner asserts that we should modify the judgment to reflect
that she pleaded “Not True” to paragraphs one, two, five, and six of the
State’s petition to proceed to adjudication, and “True” to paragraphs three and
seven.  We agree.

          Rule
43.2 of the rules of appellate procedure provides that a court of appeals may
modify the trial court’s judgment and affirm it as modified.  Tex. R. App. P.
43.2(b).  When an appellate court has the necessary data and evidence before it
for modification, the judgment and sentence may be modified on appeal.  Banks
v. State, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); see Barecky v.
State, 639 S.W.2d 943, 945 (Tex. Crim. App. [Panel Op.] 1982) (holding that
when an appellate court has the same information for modifying the judgment as
the trial court would have were the judgment reversed or the appeal dismissed,
the judgment will be modified on appeal); Jordan v. State, 552 S.W.2d
478, 479 (Tex. Crim. App. 1977) (same); Nelson v. State, 149 S.W.3d 206,
213 (Tex. App.—Fort Worth 2004, no pet.) (holding that an appellate court may
modify a trial court judgment to make the judgment congruent with the record).

          It
is clear from the record that Turner pleaded “True” only to paragraphs three
and seven of the State’s petition to proceed to adjudication.  Accordingly, we
sustain Turner’s first point and modify the trial court’s judgment adjudicating
guilt to reflect that Turner pleaded “True” to paragraphs three and seven of
the State’s petition and “Not True” to paragraphs one, two, five, and six of
the State’s petition.

          In
her second point, despite the record reflecting that Turner violated the terms
of her community supervision each time prior to the trial court extending it,
Turner argues that the trial court failed to demonstrate that it had “good
cause” to extend her community supervision.  Turner argues that without “good
cause,” the trial court could not have extended her probation and that, thus,
by the time the State proceeded to adjudication, the trial court lacked
jurisdiction to revoke.  The State counters that Turner’s complaint is
improperly based on a statute that does not apply to her state jail felony;
rather, the State argues that Turner’s “reliance upon [Texas Code of Criminal
Procedure] art. 42.12, § 22(c) is misplaced as 42.12, § 15(b) is the
controlling provision.”  We agree with the State.

          The
trial court placed Turner on deferred adjudication for a state jail felony. 
But Turner cites Texas Code of Criminal Procedure 42.12, section 22(c) for the
proposition that the trial court was required to show “good cause” for its
extending her community supervision.  As the State points out, however, the
governing provision for a state jail felony like Turner’s is Texas Code of
Criminal Procedure 42.12 section 15(b), not section 22(c).  Compare Tex.
Code Crim. Proc. Ann. art. 42.12, § 22(c) (Vernon Supp. 2010) with
Tex. Code Crim. Proc. Ann. art. 42.12, § 15(b) (Vernon Supp. 2010).

          Texas
Code of Criminal Procedure article 42.12, section 15(b) provides that “[a]
judge may extend a period of community supervision under this section at any
time during the period of community supervision, or if a motion for revocation
of community supervision is filed before the period of community supervision
ends, before the first anniversary of the expiration of the period of community
supervision.”  Id.  Here, Turner is simply mistaken that the trial court
required a showing of “good cause” and that without such a showing, the trial
court could not have extended her community supervision and thus ultimately
lacked jurisdiction to revoke it.  See Mayfield v. State, 167 S.W.3d
585, 586 (Tex. App.—Beaumont 2005, no pet.) (discussing trial court’s power to
extend state jail felony community supervision under section 15(b)).  The
evidence in the record does not show that the trial court erred in its
application of the governing statute.  Therefore, we overrule Turner’s second
point.

          Having
sustained Turner’s first point, we order the judgment modified to reflect that
Turner pleaded “Not True” to paragraphs one, two, five, and six of the State’s
petition to proceed to adjudication and “True” to paragraphs three and seven of
the State’s petition.  Having overruled Turner’s second point, we affirm the
trial court’s judgment as modified.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 5, 2011









[1]See Tex. R. App. P. 47.4.





[2]The petition did not have
a paragraph four.