IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0934-11






KIMBERLY SHERVON GARRETT, Appellant


v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE FIFTH COURT OF APPEALS

DALLAS COUNTY





* * *





NO. PD-1117-11





SEQUEASIA TURNER, Appellant


v.


THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE SECOND COURT OF APPEALS

TARRANT COUNTY




 Price, J., delivered the opinion of the Court in which Meyers, Keasler,
Hervey, Cochran, and Alcala, JJ., joined. Keller, P.J., filed a dissenting opinion
in which Womack and Johnson, JJ., joined.


O P I N I O N


 We granted these petitions for discretionary review and consolidated them in order
to determine whether a trial court has authority to extend the original term of community
supervision of an accused who has been placed on deferred adjudication for a state-jail
felony. The courts of appeals concluded that the trial court had such authority, although they
arrived at their respective conclusions based upon different statutory provisions. We hold
that a trial court does indeed have that authority by virtue of Article 42.12, Sections 5(a) and
22(c), of the Texas Code of Criminal Procedure. (1)

FACTS AND PROCEDURAL POSTURE

Garrett v. State

 Garrett was charged with the offense of possession of less than a gram of cocaine, a
state-jail-felony offense. (2) In July of 2002, pursuant to a plea agreement, she pled guilty to
that offense and was placed on deferred-adjudication community supervision for a period of
five years. In April of 2007, the trial court extended that period of community supervision
by two years, to July of 2009. The State filed a motion to revoke Garrett's community
supervision in 2008--after the originally assessed period of community supervision would
have expired, but within the extended period of community supervision. The trial court
granted the motion to revoke, adjudicated Garrett guilty of the charged state-jail felony, and
assessed her punishment at eighteen months in the state-jail facility. At no point in any of
these proceedings did Garrett complain that the trial court improperly extended the period
of her community supervision.

 On appeal, Garrett argued for the first time that the trial court lacked the authority to
extend a period of deferred-adjudication community supervision for a state-jail felony. (3) The
only authority for extending deferred-adjudication community supervision for any level of
offense, Garrett argued, resides in Article 42.12, Section 22(c) of the Code of Criminal
Procedure. (4) This provision speaks only in terms of permissible extensions of community
supervision periods for first, second, and third degree felonies and for misdemeanors, but
conspicuously not for state-jail felonies. Therefore, the Legislature must have contemplated
that periods of community supervision for state-jail felonies simply may not be extended. (5) 
And because the trial court could not validly extend that period, Garrett concluded, it lacked
the authority to adjudicate her guilt and sentence her as a state-jail felon upon a motion to
revoke that was filed after the expiration of the originally assessed term of community
supervision. (6)

 In an unpublished opinion, the Dallas Court of Appeals rejected Garrett's argument. (7) 
Noting that, under Article 42.12, Section 5(a), of the Code of Criminal Procedure, a trial
court may place an accused on deferred-adjudication community supervision for any period
up to ten years, the court of appeals reasoned that the trial court could extend an originally
assessed period of deferred-adjudication community supervision, on authority of Article
42.12, Section 22(c), of the Code, for any period that would not cumulatively exceed the ten-year maximum. (8) Because the period of deferred-adjudication community supervision for
which Garrett was extended (a total of seven years) did not exceed the statutorily allowable
ten-year maximum, the trial court retained the authority to revoke Garrett's community
supervision and proceed to adjudication. (9)

Turner v. State

 Turner was charged with possessing a forged check with intent to pass it, also a state-
jail-felony offense. (10) Pursuant to a plea agreement, in August of 2006, Turner pled guilty and
was placed on two years' deferred-adjudication community supervision. Prior to the
expiration of this original term of community supervision, the trial court extended the period,
and then extended the period twice more after that, for a period ultimately to expire in
December of 2009. In November of 2009, however, the State filed a motion to revoke. The
trial court granted the motion, adjudicated Turner guilty of the offense, and sentenced her to
a term of twelve months in the state-jail facility. Like Garrett, Turner failed to object at any
time during these proceedings to the extensions of the period of community supervision.

 Also like Garrett, Turner argued for the first time on appeal that Section 22(c) of
Article 42.12 provides the exclusive authority for extending deferred-adjudication
community supervision in state-jail-felony cases. (11) That provision authorizes the extension
of a period of community supervision only upon a showing of "good cause," Turner argued,
and the instant record demonstrates no good cause for any of the three extensions of the
original period of community supervision that the trial court ordered in her case. (12) Absent
good cause, Turner claims, the extensions were not valid and the State's motion to revoke,
filed after the original period of community supervision had already expired, could not
authorize the trial court to proceed to adjudication. (13) The State responded, however, and the
Fort Worth Court of Appeals agreed, that the trial court's authority for extending the period
of community supervision for a state-jail-felony deferred adjudication is to be found, not in
Section 22(c) of Article 42.12, but in Section 15(b). (14) Section 15(b) authorizes an extension
of the originally assessed period of community supervision in state-jail-felony cases without
the necessity of a showing of good cause, as in current Section 22(c). (15) The court of appeals
held that, because the various extensions of Turner's deferred-adjudication community
supervision were authorized under Section 15(b) of Article 42.12, both the State's motion
to revoke and the trial court's order revoking her community supervision were valid. (16) 
Although the State had argued in the alternative that Turner procedurally defaulted any
complaint about the extensions to the original period of her community supervision by failing
to object in the trial court, the court of appeals overruled Turner's claim on the merits,
without addressing the procedural default question.

 We granted and consolidated these petitions for discretionary review to decide
whether, and if so, by virtue of what specific authority, a trial court may extend the originally
assessed period of deferred-adjudication community supervision in a state-jail felony. (17) We
conclude that a trial court does possess such authority. But that authority does not derive, as
the State here advocates, and the Fort Worth Court of Appeals in Turner held, from Section
15(b) of Article 42.12. Certainly Section 15(b) governs extensions of an originally assessed
period of community supervision for state-jail felonies, but it plainly does so only when that
community supervision is assessed after a conviction and suspension of the imposition of a
state-jail-felony sentence--not, as the State argues, when community supervision is assessed
after an order of deferred adjudication of a state-jail felony. Instead, we will hold, as the
Dallas Court of Appeals did, that the authority to extend an originally assessed period of
deferred-adjudication community supervision in state-jail-felony cases derives from the
combination of provisions found in Sections 5(a) and 22(c) of Article 42.12.

DEFERRED-ADJUDICATION COMMUNITY SUPERVISION

FOR STATE-JAIL FELONIES UNDER ARTICLE 42.12


Section 15(b)


 Article 42.12 covers two types of "community supervision." As the term is defined
in Section 2 of Article 42.12, it

 means the placement of a defendant by a court under a continuum of programs
and sanctions, with conditions imposed by the court for a specified period
during which [either] criminal proceedings are deferred without an
adjudication of guilt; or . . . a sentence of imprisonment or confinement,
imprisonment and fine, or confinement and fine, is probated and the imposition
of sentence is suspended in whole or in part. (18)


Section 15 of Article 42.12 expressly governs procedures with respect to regular community
supervision in state-jail-felony cases. (19) The State argues that, because Section 2 expressly defines "community supervision" to include both that which is imposed after conviction in
lieu of the imposition of sentence and that which is imposed as a condition of deferred
adjudication, any provision in Section 15 that speaks to the extension of an originally
assessed period of community supervision for state-jail felonies (as subsection (b) of Section
15 plainly does) must govern both types of community supervision. We disagree. (20) 
Notwithstanding the definition of "community supervision" in Section 2, the plain language
of Section 15 is limited in its applicability to the form of community supervision that is
imposed "[o]n conviction of a state-jail felony." 

 Subsection (a)(1) of Section 15 currently prescribes when a trial judge is required to
place a state-jail felon on community supervision, whereas current Subsection (a)(2)
prescribes when a trial judge is permitted to place a state-jail felon on community
supervision, at his discretion. (21) In either case, the applicability of community supervision is
(and always has been under Section 15(a)) expressly--and quite plainly--limited to those
who have been convicted of a state-jail felony, such that imposition of the sentence that has
been pronounced upon that conviction must be suspended. (22) Thus, Section 15(a) refers only
and exclusively to the latter definition of "community supervision" as contained in
Subsection 2 of Article 42.12, quoted above. Accordingly, when Section 15(b) refers to the
period of time by which a trial judge may "extend the maximum period of community
supervision under this section," by its plain terms it governs only extensions of the originally
assessed period of community supervision for state-jail felons who have been convicted and
for whom an assessed sentence must be suspended--not to defendants who have pled guilty
to a state-jail felony and have been placed on deferred-adjudication community supervision. (23) 
Absent any ambiguity in the statutory language, (24) we must construe it as written unless to do
so would lead to an absurd result. (25) We can discern nothing inherently absurd in construing
Section 15(b) to be limited to its plain terms as described above. The Fort Worth Court of
Appeals erred to accept the State's argument in Turner that no showing of good cause was
required because Section 15(b) requires none. (26) We hold that Section 15(b) does not control
the question, since it plainly does not authorize a trial judge to extend the originally assessed
period of deferred-adjudication community supervision in a state-jail-felony case. (27) 

Sections 5(a) and 22(c)

 This is not to say, of course, that defendants who receive deferred adjudication in
state-jail-felony cases may never be placed on community supervision. Under Article 42.12,
Section 5(a), a trial judge is given the discretion (except for certain delineated offenses) to
grant deferred-adjudication community supervision for felonies and misdemeanors. (28) The
maximum period of community supervision for felonies (including state-jail felonies) and
misdemeanors is prescribed. (29) Moreover, "[a] judge may increase the maximum period of
community supervision in the manner provided by Section 22(c) or 22A of this article." (30)

 Section 22(c) of Article 42.12, in turn, currently provides that:

 (c) The judge may extend a period of community supervision on a
showing of good cause under this section as often as the judge determines is
necessary, but the period of community supervision in a first, second, or third 
degree felony case may not exceed 10 years and, except as otherwise provided
by this subsection, the period of community supervision in a misdemeanor case
may not exceed three years. The judge may extend the period of community
supervision in a misdemeanor case for any period the judge determines is
necessary, not to exceed an additional two years beyond the three-year limit,
if the defendant fails to pay a previously assessed fine, costs, or restitution and
the judge determines that extending the period of supervision increases the
likelihood that the defendant will fully pay the fine, costs, or restitution. A
court may extend a period of community supervision under this section at any
time during the period of supervision or, if a motion for revocation of
community supervision is filed before the period of supervision ends, before
the first anniversary of the date on which the period of supervision expires. (31)


Section 5(a) makes this provision applicable to deferred-adjudication community supervision
in general. It is therefore evident that a trial judge is currently authorized, "on a showing of
good cause," to extend an originally assessed period of deferred-adjudication community
supervision in first-, second-, and third- degree felony cases and in misdemeanors during the
originally assessed period if he finds it "necessary." (32) But Section 22(c) makes no express
mention of a maximum period of an extension of community supervision for a state-jail
felony. From this peculiar circumstance, Garrett extrapolates that the Legislature must not
have intended, in state-jail-felony cases, for trial judges to have the authority to extend the
originally assessed period of deferred-adjudication community supervision--at all.

 We disagree. Section 5(a) of Article 42.12 permits a trial judge to extend the period
of deferred-adjudication community supervision "in the manner provided by Section
22(c)[.]" (33) The first clause of Section 22(c), as well as the last sentence, prescribe that
manner, i.e., for "good cause," "as often as the judge determines is necessary," and "at any
time" within the originally assessed period of community supervision. (34) The fact that Section
22(c) also expressly prescribes a maximum aggregate period of community supervision
beyond which any extension may not go--but expressly does so only for first, second, and
third degree felonies, and for misdemeanors--does not necessarily mean that the Legislature
did not intend for trial judges to be authorized to extend the period of state-jail-felony
deferred-adjudication community supervision too, as long as they conform with the manner
of extending that community supervision as otherwise prescribed in Section 22(c). It only
means that Section 22(c) is not without ambiguity with respect to whether, and if so, how it
should apply to state-jail-felony deferred-adjudication community supervision.

 When a statute is ambiguous, "in order to make sure we do not defeat the legislative
purpose, we think it is acceptable to consult extra-textual factors." (35) Among the factors we
may consider are the object sought to be obtained, the legislative history, and the
consequences of a particular construction. (36) Consideration of these factors counsels against
the construction of Section 22(c) that Garrett urges.

 Object sought to be obtained / consequences of a particular construction. From the
scheme of Article 42.12 as a whole, it is indisputable that the Legislature intended that trial
judges should have the general authority to extend an originally assessed period of deferred-adjudication community supervision. Otherwise, Section 5(a)'s allusion to Section 22(c)
would be meaningless. It is hard to imagine any legislative policy to be served by providing
for the extension of the period of deferred-adjudication community supervision for all other
grades of felony, and for misdemeanors, but not for state-jail felonies. It seems highly
unlikely that, by failing to explicitly designate a maximum period of extension of community
supervision for state-jail felonies in Section 22(c), the Legislature actually meant to indicate
that a trial judge should lack that authority altogether.

 Legislative history. All of the provisions that are in issue today--Section 15, Section
22(c), and Section 5(a)'s incorporation for deferred-adjudication purposes of the trial judge's
authority to extend community supervision under Section 22(c)--were added to Article 42.12
in the same legislative act in 1993. (37) As originally enacted, Section 15(b) provided that the
maximum period of regular community supervision that a judge could impose for a state-jail
felony was five years. (38) While an extension of the originally assessed period of regular
community supervision was expressly permitted, Section 15(b) did not originally designate
a maximum period of time to which a state-jail-felony community supervision could be so
extended. (39) It was only by a later amendment to Section 15(b) that a maximum period of
time for an extension of the period of regular community supervision, not to exceed ten
years, was expressly provided. (40) Under Section 22(c) as originally enacted (and as it remains
today), the maximum extension of a period of community supervision for third, second, and
first degree felonies, was expressly ten years. (41) No such maximum was expressed in Section
22(c) for purposes of state-jail felonies--perhaps because a ten-year maximum would have
conflicted with the five-year overall maximum time limit that was originally contained (at
least with respect to regular state-jail community supervision) in Section 15(b). (42) The
requirement of a showing of good cause was not included in Section 22(c) as it was
originally enacted. (43) From this history of the relevant provisions of Article 42.12 so far, it
remained somewhat hazy as to whether the Legislature intended that trial judges should have
the authority to extend the period of deferred-adjudication community supervision for state-jail felonies.

 The haze seems to have lifted, however, when the Legislature added the "good cause"
requirement in a 2007 amendment to Section 22(c). (44) In setting out the background for the
various amendments to Article 42.12 to be found in H.B. 1678, 80th Legislature, including
the addition of the "showing of good cause" to justify an extension of community supervision
under Section 22(c), the House Research Organization Bill Analysis observed:

 Probation terms can be extended under some circumstances. CCP art. 42.12,
sec. 22(c) allows judges to extend probation periods as often as the judge
deems necessary, as long as the total probation period does not exceed the limit
of 10 years for first-, second-, third-degree felonies, and state jail felons and
three years for misdemeanors. (45)


This constitutes some acknowledgment on the Legislature's part that its original intent in
enacting the 1993 amendments to Sections 5(a) and 22(c) of Article 42.12 was, inter alia, to
authorize trial judges, under certain prescribed circumstances, to extend the period of
deferred-adjudication community supervision for state-jail felons. (46) It is true that the ten-year
limit that the Bill Analysis ascribes to extensions of the period of deferred-adjudication
community supervision for state-jail felonies simply cannot be found in the explicit language
of Sections 5(a) and 22(c) themselves. But such a limitation may be inferred from the
balance of Article 42.12--both Section 5(a)'s ten-year limitation upon deferred-adjudication
community supervision for felonies (including state-jail felonies) in general, and current
Section 15(b)'s specific ten-year limitation on extensions to the originally assessed period
of regular community supervision for state-jail felonies. In our view, then, the best way to
resolve the ambiguity in the statutory scheme is to conclude, precisely as the Dallas Court
of Appeals did, that a trial judge is indeed authorized to extend an originally assessed period
of deferred-adjudication community supervision in state-jail felony cases by authority of
Article 42.12, Sections 5(a) and 22(c), and we so hold.

DISPOSITION

Garrett

 Accordingly, we affirm the Dallas Court of Appeals's conclusion that the trial court
was authorized to extend Garrett's deferred-adjudication community supervision under
Article 42.12, Sections 5(a) and 22(c). (47) Because the trial judge granted the State's motion
to revoke Garrett's deferred-adjudication community supervision well within the extended
period of community supervision that he had lawfully ordered, the court of appeals rightly
rejected Garrett's argument that the revocation order was invalid. We therefore affirm the
judgment of the court of appeals in Garrett.

Turner

 The Fort Worth Court of Appeals erred to hold that Section 15(b) was the proper
statutory authority for extending deferred-adjudication community supervision in a state-jail-felony case, rather than Section 22(c). (48) Even so, we must ultimately reject Turner's
argument that a showing of good cause was required to justify the trial judge's extensions
of her deferred-adjudication community supervision. As we have already mentioned, Section
22(c) was amended in 2007 to require the good cause showing for the first time. (49) The
effective date of this amendment was September 1, 2007.

 [T]he change in law made by this Act applies only to a defendant initially
placed on community supervision on or after the effective date of this Act. A
defendant initially placed on community supervision before the effective date
of this Act is governed by the law in effect immediately before the effective
date of this Act, and the former law is continued in effect for that purpose." (50)


Because Turner was originally placed on deferred adjudication in August of 2006, the
version of Section 22(c) that was in effect at that time--sans the good cause
requirement--applies to her. For this reason, we also affirm the judgment of the court of
appeals in Turner.


DELIVERED: June 20, 2012

PUBLISH
1. Tex. Code Crim. Proc. art. 42.12, §§ 5(a) & 22(c).
2. Tex. Health & Safety Code §§ 481.102(3)(D) & 481.115(a)-(b).
3. Garrett v. State, No. 05-08-01288-CR, 2011 WL 1107216, at *1 (Tex. App.--Dallas, Mar.
28, 2011) (not designated for publication).
4. Id.
5. Id.
6. Id.
7. Id.
8. Id.
9. Id.
10. Tex. Penal Code § 32.21(a), (b) & (d).
11. Turner v. State, No. 02-10-00072-CR, 2011 WL 1743750, at *2 (Tex. App.--Fort Worth,
May 5, 2011) (not designated for publication).
12. Id.
13. Id.
14. Id.
15. Tex. Code Crim. Proc. art. 42.12, § 15(b).
16. Turner, supra, at *3.
17. See Tex. R. App. P. 66.3(a).
18. Tex. Code Crim. Proc. art. 42.12, § 2(2)(A)-(B).
19. Tex. Code Crim. Proc. art. 42.12, § 15. As of the time that Garrett was originally placed
on deferred-adjudication community supervision, in July of 2002, Subsection (a) of Section 15 read:


 Sec. 15. (a) On conviction of a state jail felony punished under Section
12.35(a), Penal Code, the judge may suspend the imposition of sentence and place the
defendant on community supervision or may order the sentence to be executed. The
judge may suspend in whole or in part the imposition of any fine imposed on
conviction.


Acts 1997, 75th Leg., ch. 488, § 1, p. 1812, eff. Sept. 1, 1997. By the time Turner was originally
placed on deferred-adjudication community supervision, in August of 2006, Subsection (a) of
Section 15 had been amended to read:


 Sec. 15. (a)(1) On conviction of a state jail felony under Section 481.115(b),
481.1151(b)(1), 481.116(b), 481.121(b)(3), or 481.129(g)(1), Health and Safety
Code, that is punished under Section 12.35(a), Penal Code, the judge shall suspend
the imposition of the sentence and place the defendant on community supervision,
unless the defendant has previously been convicted of a felony, in which event the
judge may suspend the imposition of the sentence and place the defendant on
community supervision or may order the sentence to be executed. The provisions of
this subdivision requiring the judge to suspend the imposition of the sentence and
place the defendant on community supervision do not apply to a defendant who under
Section 481.1151(b)(1), Health and Safely Code, possessed more than five abuse
units of the controlled substance or under Section 481.121(b)(3), Health and Safety
Code, possessed more than one pound of marihuana.


 (2) On conviction of a state jail felony punished under Section 12.35(a),
Penal Code, other than a state jail felony listed in Subdivision (1), the judge may
suspend the imposition of the sentence and place the defendant on community
supervision or may order the sentence to be executed.


 (3) The judge may suspend in whole or in part the imposition of any fine
imposed on conviction.



Acts 2003, 78th Leg., ch. 1122, § 1, p. 3212, eff. Sept. 1, 2003. At the times that both Garrett and
Turner were originally placed on deferred-adjudication community supervision, Subsection (b) of
Section 15 read the same, viz:


 (b) The minimum period of community supervision a judge may impose
under this section is two years. The maximum period of community supervision a
judge may impose under this section is five years, except that the judge may extend
the maximum period of community supervision under this section to not more than
ten years. A judge may extend a period of community supervision under this section
at any time during the period of community supervision, or if a motion for revocation
of community supervision is filed before the period of community supervision ends,
before the first anniversary of the expiration of the period of community supervision. 


(All emphases added).
20. See State v. Juvrud, 187 S.W.3d 492, 493 (Tex. Crim. App. 2006) ("[T]he special provisions
for deferred adjudication in Section 5 prevail over provisions for regular probation in Section 3, the
general definition of 'community supervision' in Section 2(2) notwithstanding.").
21. Tex. Code Crim. Proc. art. 42.12, § 15(a). This provision has been amended since Garrett
and Turner were originally placed on deferred-adjudication community supervision, and currently
reads:

 

 Sec. 15. (a)(1) On conviction of a state jail felony under Section 481.115(b),
481.1151(b)(1), 481.116(b), 481.1161(b)(3), 481.121(b)(3), or 481.129(g)(1), Health
and Safety Code, that is punished under Section 12.35(a), Penal Code, the judge shall
suspend the imposition of the sentence and place the defendant on community
supervision, unless the defendant has previously been convicted of a felony, other
than a felony punished under Section 12.44(a), Penal Code, or unless the conviction
resulted from an adjudication of the guilt of a defendant previously placed on
deferred adjudication community supervision for the offense, in which event the
judge may suspend the imposition of the sentence and place the defendant on
community supervision or may order the sentence to be executed. The provisions of
this subdivision requiring the judge to suspend the imposition of the sentence and
place the defendant on community supervision do not apply to a defendant who:


 (A) under Section 481.1151(b)(1), Health and Safely Code, possessed more than
five abuse units of the controlled substance;


 (B) under Section 481.1161(b)(3), Health and Safety Code, possessed more than one
pound, by aggregate weight, including adulterants or dilutants, of the controlled
substance; or


 (C) under Section 481.121(b)(3), Health and Safety Code, possessed more than one
pound of marihuana.


 (2) On conviction of a state jail felony punished under Section 12.35(a),
Penal Code, other than a state jail felony listed in Subdivision (1), the judge may
suspend the imposition of the sentence and place the defendant on community
supervision or may order the sentence to be executed.


 (3) The judge may suspend in whole or in part the imposition of any fine
imposed on conviction.


Acts 2011, 82nd Leg., ch. 170, § 8, p. 713, eff. Sept. 1, 2011. (All emphases added).
22. Tex. Code Crim. Proc. art. 42.12, § 15(a). Indeed, from its inception in 1993, Section
15(a) has referred exclusively to community supervision for state-jail felonies that is imposed "[o]n
conviction," and Section 15(b) has referred to permissible extensions of state-jail-felony community
supervision "under this section." Acts 1993, 73rd Leg., ch. 900, § 4.01, p. 3731, eff. Sept. 1, 1993.
23. Id. § 15(b).
24. The statutory language of Section 15 so clearly refers only to regular community supervision
that Professors Dix and Dawson, in the first edition of their treatise, did not even believe that the
Legislature had provided for deferred-adjudication community supervision for state-jail felonies at
all. See George E. Dix & Robert O. Dawson, 40 Texas Practice: Criminal Practice and
Procedure §39.61, at 741 (1st ed. 1995) ("There are two different kinds of state jail felony
community supervision--regular and shock."). In later editions, they revised their assessment in
recognition of a 1995 legislative amendment to Section 5(a) of Article 42.12 that made it "clear that
deferred adjudication may be used in cases of state jail felonies." Id. at 290 (2000 supp.). See also
George E. Dix & John M. Schmolesky, 43A Texas Practice: Criminal Practice and
Procedure § 47:50, at 331 (3rd ed. 2011) ("In 1995, the legislature provided for deferred
adjudication state jail felony community supervision[,]" citing language added to Section 5(a) by
Acts 1995, 74th Leg., ch. 318, §§ 53 & 85, pp. 2750 & 2763, eff. Jan. 1, 1996).
25. See, e.g., Jordan v. State, 36 S.W.3d 871, 873 (Tex. Crim. App. 2001) ("We interpret a
statute in accordance with the plain meaning of its language unless the language is ambiguous or the
plain meaning leads to absurd results.").
26. The Fort Worth Court of Appeals cited Mayfield v. State, 167 S.W.3d 585, 586 (Tex.
App.--Beaumont 2005, no pet.), for the proposition that Section 15(b) controls. However, Mayfield
was a case involving regular community supervision following conviction for a state-jail felony, not
deferred-adjudication community supervision for a state-jail felony. 
27. The State relies heavily upon a footnote in this Court's opinion in Puente v. State, 71 S.W.3d
340, 342 n.5 (Tex. Crim. App. 2002). It is true that in Puente, the defendant pled guilty to a state-jail-felony offense in exchange for the State's recommendation that he receive deferred adjudication. 
The trial court followed the recommendation and placed him on community supervision. Citing
Sections 5(a) and 15(b) of Article 42.12, this Court observed that the maximum period of community
supervision "was five years unless the trial judge, at any time during the period of community
supervision, extended it up to ten years." Id. This observation had absolutely no bearing on our
disposition of the particular issue in the case, however, and was made uncritically, without recourse
to the specific language of Section 15. It was, in short, the purest form of obiter dictum, by which
we are hardly bound today.
28. See Tex. Code Crim. Proc. art. 42.12, § 5(a) ("Except as provided by Subsection (d) of this
section, when in the judge's opinion the best interest of society and the defendant will be served, the
judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and
finding that it substantiates the defendant's guilt, defer further proceedings without entering an
adjudication of guilt, and place the defendant on community supervision.").
29. Id. ("In a felony case, the period of community supervision may not exceed 10 years. * *
* In a misdemeanor case, the period of community supervision may not exceed two years."). In
most contexts, the word "felony" should be read to include a state-jail felony. Tex. Penal Code §§
1.07(a)(23), 12.04(a)(5) & (b), 12.35. See Tapps v. State, 294 S.W.3d 175, 178 (Tex. Crim. App.
2009) ("[T]he default classification of all unclassified felonies as state-jail felonies [under Section
12.04(b) of the Penal Code] underscores the conclusion that state jail felonies are felonies unless the
language of the particular statute in question indicates otherwise."). Nothing in the language of
Article 42.12, Section 5(a), suggests that the Legislature did not mean for the word "felony" to
embrace state-jail felonies. See Acts 1993, 73rd Leg., ch. 900, §§ 1.01 & 4.01, pp. 3602-03, 3719 &
3766, § 1.01 eff. Sept. 1, 1994, § 4.01 eff. Sept. 1, 1993 (same legislation that created state-jail
felonies in Texas and expressly classified them as felonies under Section 12.04 of the Penal Code
also amended Section 5(a) of Article 42.12 to authorize judges to "increase the maximum period of
[deferred-adjudication] community supervision in the manner provided by Section 22(c) of this
article" for felonies and misdemeanors). In any event, if it was not already clear enough that
"felonies" should include state-jail felonies, this was made "clear" by legislative amendment to
Section 5(a) in 1995. See note 23, ante (quoting Dix & Dawson, supra, at 290 (2000 supp.). Finally,
language that the Legislature added to Section 15(a) of Article 42.12 in 2007 makes it all the more
clear that state-jail felons may be placed on deferred-adjudication community supervision. See Acts
2007, 80th Leg., ch. 1025, § 1, p. 3565, eff. Sept. 1, 2007 (providing that a trial judge is not required
to place a state-jail-felony defendant on regular community supervision when his deferred-adjudication community supervision is revoked and the trial court proceeds to conviction).
30. Id. A trial judge may likewise "increase the maximum period" of regular "community
supervision in the manner provided by Section 22(c) and 22A of" Article 42.12, whether that
community supervision is imposed by the judge or at the recommendation of the jury. Tex. Code
Crim. Proc. art. 42.12, §§ 3(d) & 4(c). Section 22A of Article 42.12 is a special provision
governing the extension of community supervision for certain sex offenses and is not pertinent in
these cases. Tex. Code Crim. Proc. art. 42.12, § 22A.
31. Tex. Code Crim. Proc. art. 42.12, § 22(c). The "showing of good cause" requirement was
added to Section 22(c) by legislative amendment in 2007. See note 43, post.
32. Id.
33. Id. § 5(a).
34. Id. § 22(c).
35. Shipp v. State, 331 S.W.3d 433, 439 (Tex. Crim. App. 2011) (plurality op.). See Boykin v.
State, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991) ("If the plain language of a statute would
lead to absurd results, or if the language is not plain but rather ambiguous, then and only then, out
of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible
interpretation," extra-textual factors).
36. Tex. Gov't Code § 311.023(1), (3) & (5).
37. See Acts 1993, 73rd Leg., ch. 900, §4.01, at pp. 3731, 3741 & 3719, respectively, eff. Sept.
1, 1993.
38. Acts 1993, 73rd Leg., ch. 900, § 4.01, p. 3731. Authorization for trial judges to extend the
five-year maximum of regular community supervision for state-jail felonies was raised to ten years
in the same piece of legislation that first made it "clear" to Professors Dix and Dawson, and later to
Dix and Schmolesky, that deferred-adjudication community supervision was available in state-jail-felony cases. See Dix & Schmolesky, supra, at 331; Acts 1995, 74th Leg., ch. 318, §§ 53, 60, & 85,
pp. 2750, 2754, & 2763, eff. Jan. 1, 1996). 
39. Acts 1993, 73rd Leg., ch. 900, § 4.01. P. 3731.
40. Acts 1995, 74th Leg., ch. 318, §§ 60 & 85, p. 2754 & 2763, eff. Jan. 1, 1996.
41. Acts 1993, 73rd Leg., ch. 900, § 4.01, p. 3741.
42. Acts 1993, 73rd Leg., ch. 900, § 4.01, p. 3731.
43. Id.
44. See Acts 2007, 80th Leg., ch. 1205, § 7, p. 4081, eff. Sept. 1, 2007.
45. House Research Organization, Bill Analysis, Tex. H.B 1678, 80th Leg., p. 2 (Apr. 24, 2007),
http://www.hro.house.state.tx.us/pdf/ba80r/hb1678.pdf#navpanes=0. (emphasis added).
46. While we have indeed observed that "a legislative construction of an act of another
legislature is uniformly held to be entitled to little weight[,]" Ex parte Schroeter, 958 S.W.2d 811,
813 (Tex. Crim. App. 1997), we have not declared it to carry no weight at all and have occasionally
regarded it as at least relevant to our own construction of a particular statute. Brown v. State, 943
S.W.2d 35, 40 (Tex. Crim. App. 1997).
47. Garrett, supra, at *1-2.
48. Turner, supra, at *2-3.
49. See note 43, ante.
50. Acts 2007, 80th Leg., ch. 1205, §§ 10 & 11, p. 4081, eff. Sept. 1, 2007.