Anthony Villa **PUENTE, Appellant,**

v.

**The STATE of Texas.**

**No. 1364–01.**

Court of Criminal Appeals of Texas.

March 20, 2002.

---

2. *See, e.g., McCain v. State,* 67 S.W.3d 204 (Tex.Crim.App.2002).

3. *See, e.g., Id.; Ex parte Graves,* 70 S.W.3d 103 (Tex.Crim.App. 2002).

John A. Kuchera, Waco, for appellant.

Matthew Paul, State's Attorney, Austin, for the State.

## OPINION

COCHRAN, J., delivered the opinion of the Court, joined by KELLER, P.J., MEYERS, PRICE, WOMACK, and HOLCOMB, JJ.

In this case the State Prosecuting Attorney asks us to decide whether a defendant who pleads guilty to one indictment misjoining a felony charge and two misdemeanor charges is entitled to have his entire conviction declared void and be returned to a pre-plea status after he has enjoyed the benefits of his plea bargain.[1] We hold that the defendant is entitled to relief only on the misjoined misdemeanor charges because the district court judge did not have jurisdiction to accept a plea on them. But the district court did have jurisdiction over the felony charge, and the appellant has failed to show that he would not have pled guilty to the felony charge if the misdemeanor charges had been filed separately in county court.[2] Moreover, appellant has not shown that he has suffered any harm in the misjoinder of these of-

1. We granted the State Prosecuting Attorney's following three Grounds for Review:

    1. Where the defendant, pursuant to a plea bargain, plead guilty to a felony (over which the district court had jurisdiction) and two misdemeanors (over which the district court did not have jurisdiction), may the State waive the illegal portion of the judgment (deferring adjudication on the misdemeanors) such that the district court retains jurisdiction on the felony?

    2. Where the defendant plead guilty to a felony (over which the district court had jurisdiction) and two misdemeanors (over which the district court did not have jurisdiction), and was placed on deferred adjudication community supervision, may the defendant raise a claim relating to the original plea proceeding in an appeal from the jurisdiction of his guilt on the felony?

    3. Does a misjoinder of offenses render void all judgments of conviction for all of the misjoined offenses?

2. Although the trial judge conducted a hearing on appellant's Motion to Terminate Deferred Adjudication, appellant did not testify at that hearing, nor did his attorney claim that appellant's original plea was involuntary or that appellant had been misled or harmed by the original misjoinder. He simply claimed that the plea had been a "package deal where the Defendant makes an agreement to plead guilty in return for a specified sentence, which the State recommends.... The proper remedy is not as [the prosecutor] suggests to simply sever out the other cases and let the sentence stand as it is, because that was not the agreement that Mr. Puente entered into. The proper remedy is to return him to his pre-plea status, and that is what we are asking the Court to do.... That is our argument, and I cannot think of any other evidence that I will have to offer."

fenses.[3] Therefore, we reverse the decision of the Tenth Court of Appeals which held that the felony conviction was "void." *Puente v. State*, 48 S.W.3d 379 (Tex.App.-Waco 2001).

## I.

The State used a single indictment to charge appellant with three separate offenses alleged to have occurred on March 1, 1998: possession of cocaine, possession of marihuana, and possession of inhalant paraphernalia. Appellant pled guilty to that three-count indictment which joined one felony offense and two misdemeanor offenses,[4] and expressly waived his right to appeal in return for the State's plea bargain recommendation of four years deferred adjudication.[5] The trial judge accepted the terms of the plea bargain and placed appellant on community supervision.

On March 30, 2000, the State filed a motion to adjudicate alleging that appellant violated the terms of his community supervision.[6] Appellant then filed a "Motion to Terminate Deferred Adjudication," claiming that the district court lacked jurisdiction over the misdemeanor offenses. After considering the motion on May 25, 2000, the trial court signed an order retaining jurisdiction over the felony and severing out the misdemeanors.[7] That same day, the court adjudicated appellant's guilt on the felony charge and sentenced him to two years in a state jail facility.

Appellant appealed that felony conviction, claiming that his original plea bargain was "void" because the trial court lacked subject matter jurisdiction over the misdemeanor charges. The Tenth Court of Appeals reversed the trial court's judgment on the felony offense, concluding that because the two misdemeanor offenses had been misjoined with the felony offense at the time appellant originally pled guilty, the entire deferred adjudication and community supervision order was void as was

3. In fact, the situation is quite the reverse. Appellant obtained a windfall—the permanent disappearance of the misdemeanor charges.

4. Appellant claims that one of the misdemeanor paragraphs failed to charge a criminal offense. We need not decide that issue because the adequacy of the misdemeanor charges is irrelevant to the disposition of this appeal.

5. Under TEX.CODE CRIM. PROC. art. 42.12, §§ 5(a) & 15(b), the minimum period of community supervision for this particular state jail felony was two years and the maximum was five years unless the trial judge, at any time during the period of community supervision, extended it up to ten years.

6. The State's motion to adjudicate listed numerous violations, including two new criminal offenses which appellant allegedly committed on March 31, 1999. Even if appellant had received the best possible plea bargain on the single felony charge—two years of community supervision—he committed new crim-inal offenses as well as numerous technical violations within the first sixteen months of his probation period.

7. Because the statute of limitations had, by that time, run on the two misdemeanors, they were not only severed out, they were not subject to further prosecution upon proper objection by the defendant. *See Proctor v. State*, 967 S.W.2d 840, 844 (Tex.Crim.App. 1998) (defendant has the burden to assert the statute of limitations as a defense). Pending charges toll the statute of limitations only if charges are filed in "a court of competent jurisdiction" over the offense. TEX.CODE CRIM. PROC. art. 12.05(c); *see State v. Hall*, 829 S.W.2d 184, 186–87 (Tex.Crim.App.1992) (for purposes of tolling statute, indictment or information must be pending in a court with jurisdiction to try the case). Since the misdemeanor charges were not originally filed in a court of competent jurisdiction, the statute of limitations ran on them on March 1, 2000— almost ninety days before the district court ordered the misdemeanors severed out of the indictment.

the ultimate felony conviction.[8] The State Prosecuting Attorney then filed a petition for discretionary review with this Court.

## II.

A district court has jurisdiction over felony offenses.[9] It does not have original jurisdiction over misdemeanor charges, except those involving official misconduct.[10] In this case neither the State nor the appellant dispute that the district court had jurisdiction over the felony charge contained within the indictment, but did not have jurisdiction over the two misdemeanor charges. They do dispute, however, the effect of the original misjoinder on appellant's plea bargain and his felony conviction. Appellant argues that his original plea bargain was entirely "void" due to the lack of jurisdiction over the misdemeanors. Appellant, however, fails to recognize that

he was not adjudicated on the misdemeanor charges, but only the felony charge.

■■■ Appellant originally pled guilty to the entire indictment. The original deferred adjudication order was valid for the felony. To the extent that appellant was also placed on deferred adjudication for the two misdemeanor charges, that order contained a jurisdictional defect. A jurisdictional defect may be raised at any time.[11] Appellant could raise it in the trial court, on direct appeal, or on a writ of habeas corpus because, as a general proposition, a total lack of subject matter jurisdiction cannot be waived.[12] But this general principle does not entitle appellant to greater relief than a correction of the jurisdictional defect.[13]

■■■ In the present case, the State waived the misjoined misdemeanor offenses. The trial court severed them from

**8.** 48 S.W.3d at 383 ("[b]ecause the court did not have jurisdiction over two misdemeanors alleged in the indictment, the order granting deferred adjudication and imposing community supervision, based in part on those two offenses, is void. Thus, the court had no legal basis on which to revoke community supervision, adjudicate Puente's guilt, and sentence him").

**9.** TEX.CODE CRIM. PROC. art. 4.05.

**10.** TEX.CODE CRIM. PROC. arts.4.05 & 4.07.

**11.** *See Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex.Crim.App.1980) ("[j]urisdiction of the subject matter cannot be conferred by agreement; this type of jurisdiction exists by reason of the authority vested in the court by the Constitution and statutes"); *see also State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App. 1996) (quoting and reaffirming *Garcia v. Dial*); *compare DeDonato v. State,* 819 S.W.2d 164, 166–67 (Tex.Crim.App.1991) (suggesting that a defendant must raise an objection to jurisdiction over offense under art. 27.08(4) in trial court "while there was still an opportunity to correct any problem") *with id.* at 168 (arguing that "a defendant in failing to object

to the charging instrument prior to the commencement of trial, does not waive his right to later claim that the charging instrument showed on its face that the trial court had no jurisdiction to try that case").

**12.** *See, e.g., Gallagher v. State,* 690 S.W.2d 587, 588 (Tex.Crim.App.1985) ("the question of the jurisdiction of the convicting court may be raised at any time"). The State has argued, both here and in the court of appeals, that appellant could raise issues related to his original plea proceeding only if he appealed when the deferred adjudication community supervision was first imposed. *See Manuel v. State,* 994 S.W.2d 658 (Tex.Crim.App.1999). The situation in *Manuel,* however, dealt with evidentiary sufficiency. As we explicitly noted in *Manuel:* "Insufficiency of the evidence is, of course, a nonjurisdictional defect occurring after entry of the plea." *Id.* at 662, n. 6.

**13.** *See, e.g., Ex parte Pena,* 820 S.W.2d 806, 808 (Tex.Crim.App.1991) (when offenses are misjoined in one indictment and result in multiple convictions, misjoinder is a jurisdictional defect, but relief is limited to deletion of improperly joined lesser convictions, not reversal of all convictions).

the felony charge. Consequently, appellant's guilty plea to those misdemeanor offenses disappeared. Even before his community supervision was revoked appellant obtained a windfall. Not only did the trial court sever the misdemeanor charges from the felony charge, but its order ensured that appellant could not be prosecuted over objection in county court because the two-year statute of limitations had run on them. Appellant has not claimed that he would not have pled guilty to the original indictment had he known that the two misdemeanor charges would disappear; *i.e.*, he has not claimed that he would have only pled guilty if he knew he could be punished for three offenses instead of one.[14]

■ Both here and in the court of appeals, the State has relied upon our opinion in *Ex parte Ervin*,[15] in which we held that the State may waive the "illegal" portion of a judgment.[16] In this case, the State waived the illegal portion of the deferred adjudication order by severing the misdemeanor charges. That is permissible under *Ervin*. The court of appeals reasoned that a portion of this Court's discussion in *Ex parte Seidel*,[17] superceded *Ervin*. It did not. The fact that a portion of an indictment, judgment, or sentence may be invalid does not necessarily mean that the entire indictment, judgment, or sentence is invalid or "void."[18] There is neither a constitutional nor statutory prohibition against deleting the invalid portion of an indictment, judgment, or sentence if it may be done without loss of jurisdiction and without doing violence to the rights of the defendant.

The appellant argues that the entire plea bargain and order placing him on deferred adjudication was "void" because the terms of that plea bargain could not be specifically enforced. That is, the trial

14. If, in fact, appellant's underlying claim is that his plea was involuntary because it was *not knowing and intelligent*, he would not be prevented from filing a writ of habeas corpus under Tex.Code Crim. P. art 11.07 and offering proof to substantiate that claim.

15. 991 S.W.2d 804 (Tex.Crim.App.1999).

16. *Id.* at 817 ("[w]e have implied that the State may be able to waive an illegal portion of a judgment and maintain the remainder of the plea bargain.... We expressly hold that today").

17. The court of appeals quoted the following section from *Seidel*:

A trial court may have jurisdiction to act over a case, yet lack authority to act in a particular manner over that case. Lack of *jurisdiction* over a case renders the judgment void, and it may always be collaterally attacked. Lack of *authority* to act in a particular manner may render the judgment either void or voidable depending on the type of the error, however. Unauthorized acts (or errors) can be characterized as either "illegal" or "irregular." "Illegal acts" are defined as "acts that are not au-

thorized by law." On the other hand, "irregular acts" are defined as "acts or practices that vary from the normal conduct of an action." While a judgment is merely "voidable for irregularity," it is "void for illegality."

39 S.W.3d at 224 (citations omitted, emphasis in original). From this discussion in *Seidel*, the court of appeals, in this case, concluded:

Applying these rules, we remain convinced that the deferring order, based in part on offenses over which the court had no jurisdiction, is void. That would be true either if the court lacked jurisdiction or committed an illegal act, *i.e.*, imposing four-years' community supervision for the misdemeanor offenses.

*Puente*, 48 S.W.3d at 382. In this case, however, the district court *did* have jurisdiction over the indictment and the felony charge contained within it. The fact that two wayward misdemeanor charges were improperly added to that valid indictment does not wipe out the district court's jurisdiction. The tail does not wag the dog.

18. *See Ex parte Ervin*, 991 S.W.2d at 817; *Ex parte Pena*, 820 S.W.2d at 808.

judge could not, in fact, place appellant under community supervision for four years on the misdemeanor charges. True enough. But the trial judge could and did place appellant under community supervision for four years on the felony charge. Moreover, as soon as the jurisdictional problem was brought to the trial judge's attention, appellant received a much better result than he had originally agreed to—severance of the misdemeanor charges and the right to object to having them refiled in county court.

Because we conclude that a misjoinder of misdemeanor offenses did not, in this case, render void the ultimate felony conviction, and because appellant has not shown harm, we reverse the decision of the court of appeals and affirm the trial court's judgment.

JOHNSON, KEASLER, and HERVEY, JJ., concurred in the judgment.