

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0934-11

**KIMBERLY SHERVON GARRETT, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
DALLAS COUNTY**

**\* \* \***

### NO. PD-1117-11

**SEQUEASIA TURNER, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SECOND COURT OF APPEALS
TARRANT COUNTY**

PRICE, J., delivered the opinion of the Court in which MEYERS, KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. KELLER, P.J., filed a dissenting opinion in which WOMACK and JOHNSON, JJ., joined.

# <u>O P I N I O N</u>

We granted these petitions for discretionary review and consolidated them in order to determine whether a trial court has authority to extend the original term of community supervision of an accused who has been placed on deferred adjudication for a state-jail felony. The courts of appeals concluded that the trial court had such authority, although they arrived at their respective conclusions based upon different statutory provisions. We hold that a trial court does indeed have that authority by virtue of Article 42.12, Sections 5(a) and 22(c), of the Texas Code of Criminal Procedure.[1]

## FACTS AND PROCEDURAL POSTURE

### *Garrett v. State*

Garrett was charged with the offense of possession of less than a gram of cocaine, a state-jail-felony offense.[2] In July of 2002, pursuant to a plea agreement, she pled guilty to that offense and was placed on deferred-adjudication community supervision for a period of five years. In April of 2007, the trial court extended that period of community supervision by two years, to July of 2009. The State filed a motion to revoke Garrett's community supervision in 2008—after the originally assessed period of community supervision would have expired, but within the extended period of community supervision. The trial court granted the motion to revoke, adjudicated Garrett guilty of the charged state-jail felony, and

---

[1] TEX. CODE CRIM. PROC. art. 42.12, §§ 5(a) & 22(c).

[2] TEX. HEALTH & SAFETY CODE §§ 481.102(3)(D) & 481.115(a)-(b).

assessed her punishment at eighteen months in the state-jail facility. At no point in any of these proceedings did Garrett complain that the trial court improperly extended the period of her community supervision.

On appeal, Garrett argued for the first time that the trial court lacked the authority to extend a period of deferred-adjudication community supervision for a state-jail felony.[3] The only authority for extending deferred-adjudication community supervision for any level of offense, Garrett argued, resides in Article 42.12, Section 22(c) of the Code of Criminal Procedure.[4] This provision speaks only in terms of permissible extensions of community supervision periods for first, second, and third degree felonies and for misdemeanors, but conspicuously *not* for state-jail felonies. Therefore, the Legislature must have contemplated that periods of community supervision for state-jail felonies simply may not be extended.[5] And because the trial court could not validly extend that period, Garrett concluded, it lacked the authority to adjudicate her guilt and sentence her as a state-jail felon upon a motion to revoke that was filed after the expiration of the originally assessed term of community supervision.[6]

---

[3]

*Garrett v. State*, No. 05-08-01288-CR, 2011 WL 1107216, at *1 (Tex. App.—Dallas, Mar. 28, 2011) (not designated for publication).

[4]

*Id*.

[5]

*Id*.

[6]

*Id*.

In an unpublished opinion, the Dallas Court of Appeals rejected Garrett's argument.[7] Noting that, under Article 42.12, Section 5(a), of the Code of Criminal Procedure, a trial court may place an accused on deferred-adjudication community supervision for any period up to ten years, the court of appeals reasoned that the trial court could extend an originally assessed period of deferred-adjudication community supervision, on authority of Article 42.12, Section 22(c), of the Code, for any period that would not cumulatively exceed the ten-year maximum.[8] Because the period of deferred-adjudication community supervision for which Garrett was extended (a total of seven years) did not exceed the statutorily allowable ten-year maximum, the trial court retained the authority to revoke Garrett's community supervision and proceed to adjudication.[9]

### Turner v. State

Turner was charged with possessing a forged check with intent to pass it, also a state-jail-felony offense.[10] Pursuant to a plea agreement, in August of 2006, Turner pled guilty and was placed on two years' deferred-adjudication community supervision. Prior to the expiration of this original term of community supervision, the trial court extended the period,

---

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] TEX. PENAL CODE § 32.21(a), (b) & (d).

and then extended the period twice more after that, for a period ultimately to expire in December of 2009. In November of 2009, however, the State filed a motion to revoke. The trial court granted the motion, adjudicated Turner guilty of the offense, and sentenced her to a term of twelve months in the state-jail facility. Like Garrett, Turner failed to object at any time during these proceedings to the extensions of the period of community supervision.

Also like Garrett, Turner argued for the first time on appeal that Section 22(c) of Article 42.12 provides the exclusive authority for extending deferred-adjudication community supervision in state-jail-felony cases.[11] That provision authorizes the extension of a period of community supervision only upon a showing of "good cause," Turner argued, and the instant record demonstrates no good cause for any of the three extensions of the original period of community supervision that the trial court ordered in her case.[12] Absent good cause, Turner claims, the extensions were not valid and the State's motion to revoke, filed after the original period of community supervision had already expired, could not authorize the trial court to proceed to adjudication.[13] The State responded, however, and the Fort Worth Court of Appeals agreed, that the trial court's authority for extending the period of community supervision for a state-jail-felony deferred adjudication is to be found, not in

---

[11] *Turner v. State*, No. 02-10-00072-CR, 2011 WL 1743750, at *2 (Tex. App.—Fort Worth, May 5, 2011) (not designated for publication).

[12] *Id*.

[13] *Id*.

Section 22(c) of Article 42.12, but in Section 15(b).[14] Section 15(b) authorizes an extension of the originally assessed period of community supervision in state-jail-felony cases without the necessity of a showing of good cause, as in current Section 22(c).[15] The court of appeals held that, because the various extensions of Turner's deferred-adjudication community supervision were authorized under Section 15(b) of Article 42.12, both the State's motion to revoke and the trial court's order revoking her community supervision were valid.[16] Although the State had argued in the alternative that Turner procedurally defaulted any complaint about the extensions to the original period of her community supervision by failing to object in the trial court, the court of appeals overruled Turner's claim on the merits, without addressing the procedural default question.

We granted and consolidated these petitions for discretionary review to decide whether, and if so, by virtue of what specific authority, a trial court may extend the originally assessed period of deferred-adjudication community supervision in a state-jail felony.[17] We conclude that a trial court does possess such authority. But that authority does not derive, as the State here advocates, and the Fort Worth Court of Appeals in *Turner* held, from Section

---

[14] *Id.*

[15] TEX. CODE CRIM. PROC. art. 42.12, § 15(b).

[16] *Turner*, *supra*, at *3.

[17] *See* TEX. R. APP. P. 66.3(a).

15(b) of Article 42.12. Certainly Section 15(b) governs extensions of an originally assessed period of community supervision for state-jail felonies, but it plainly does so only when that community supervision is assessed after a conviction and suspension of the imposition of a state-jail-felony sentence—*not*, as the State argues, when community supervision is assessed after an order of deferred adjudication of a state-jail felony. Instead, we will hold, as the Dallas Court of Appeals did, that the authority to extend an originally assessed period of deferred-adjudication community supervision in state-jail-felony cases derives from the combination of provisions found in Sections 5(a) and 22(c) of Article 42.12.

## DEFERRED-ADJUDICATION COMMUNITY SUPERVISION FOR STATE-JAIL FELONIES UNDER ARTICLE 42.12

### Section 15(b)

Article 42.12 covers two types of "community supervision." As the term is defined in Section 2 of Article 42.12, it

> means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which [either] criminal proceedings are deferred without an adjudication of guilt; or . . . a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.[18]

Section 15 of Article 42.12 expressly governs procedures with respect to regular community supervision in state-jail-felony cases.[19] The State argues that, because Section 2 expressly

---

[18]   TEX. CODE CRIM. PROC. art. 42.12, § 2(2)(A)-(B).

[19]   TEX. CODE CRIM. PROC. art. 42.12, § 15. As of the time that Garrett was originally placed

on deferred-adjudication community supervision, in July of 2002, Subsection (a) of Section 15 read:

> Sec. 15.  (a) *On conviction of a state jail felony* punished under Section 12.35(a), Penal Code, the judge may *suspend the imposition of sentence* and place the defendant on community supervision or may order the *sentence to be executed*.  The judge may suspend in whole or in part *the imposition* of any fine imposed *on conviction*.

Acts 1997, 75th Leg., ch. 488, § 1, p. 1812, eff. Sept. 1, 1997.  By the time Turner was originally placed on deferred-adjudication community supervision, in August of 2006, Subsection (a) of Section 15 had been amended to read:

> Sec. 15.  (a)(1) *On conviction of a state jail felony* under Section 481.115(b), 481.1151(b)(1), 481.116(b), 481.121(b)(3), or 481.129(g)(1), Health and Safety Code, that is punished under Section 12.35(a), Penal Code, the judge *shall suspend the imposition of the sentence* and place the defendant on community supervision, unless the defendant has previously been convicted of a felony, in which event the judge *may suspend the imposition of the sentence* and place the defendant on community supervision or may order *the sentence* to be executed.  The provisions of this subdivision requiring the judge *to suspend the imposition of the sentence* and place the defendant on community supervision do not apply to a defendant who under Section 481.1151(b)(1), Health and Safely Code, possessed more than five abuse units of the controlled substance or under Section 481.121(b)(3), Health and Safety Code, possessed more than one pound of marihuana.
>
> (2)  *On conviction of a state jail felony* punished under Section 12.35(a), Penal Code, other than a state jail felony listed in Subdivision (1), the judge *may suspend the imposition of the sentence* and place the defendant on community supervision or may order *the sentence* to be executed.
>
> (3)  The judge may *suspend* in whole or in part the *imposition* of any fine imposed *on conviction*.

Acts 2003, 78th Leg., ch. 1122, § 1, p. 3212, eff. Sept. 1, 2003.  At the times that both Garrett and Turner were originally placed on deferred-adjudication community supervision, Subsection (b) of Section 15 read the same, *viz*:

> (b) The minimum period of community supervision a judge may impose *under this section* is two years.  The maximum period of community supervision a judge may impose *under this section* is five years, except that the judge may extend the maximum period of community supervision *under this section* to not more than

defines "community supervision" to include both that which is imposed after conviction in lieu of the imposition of sentence and that which is imposed as a condition of deferred adjudication, any provision in Section 15 that speaks to the extension of an originally assessed period of community supervision for state-jail felonies (as subsection (b) of Section 15 plainly does) must govern both types of community supervision. We disagree.[20] Notwithstanding the definition of "community supervision" in Section 2, the plain language of Section 15 is limited in its applicability to the form of community supervision that is imposed "[o]n conviction of a state-jail felony."

Subsection (a)(1) of Section 15 currently prescribes when a trial judge is *required* to place a state-jail felon on community supervision, whereas current Subsection (a)(2) prescribes when a trial judge is *permitted* to place a state-jail felon on community supervision, at his discretion.[21] In either case, the applicability of community supervision is

---

ten years. A judge may extend a period of community supervision *under this section* at any time during the period of community supervision, or if a motion for revocation of community supervision is filed before the period of community supervision ends, before the first anniversary of the expiration of the period of community supervision.

(All emphases added).

[20]

*See State v. Juvrud*, 187 S.W.3d 492, 493 (Tex. Crim. App. 2006) ("[T]he special provisions for deferred adjudication in Section 5 prevail over provisions for regular probation in Section 3, the general definition of 'community supervision' in Section 2(2) notwithstanding.").

[21]

TEX. CODE CRIM. PROC. art. 42.12, § 15(a). This provision has been amended since Garrett and Turner were originally placed on deferred-adjudication community supervision, and currently reads:

Sec. 15. (a)(1) *On conviction of a state jail felony* under Section 481.115(b),

(and always has been under Section 15(a)) expressly—and quite plainly—limited to those

who have been *convicted* of a state-jail felony, such that imposition of the sentence that has

been pronounced upon that conviction must be *suspended*.[22] Thus, Section 15(a) refers only

481.1151(b)(1), 481.116(b), 481.1161(b)(3), 481.121(b)(3), or 481.129(g)(1), Health and Safety Code, that is punished under Section 12.35(a), Penal Code, the judge *shall suspend the imposition of the sentence* and place the defendant on community supervision, unless the defendant has previously been convicted of a felony, other than a felony punished under Section 12.44(a), Penal Code, or unless *the conviction* resulted from an adjudication of the guilt of a defendant previously placed on deferred adjudication community supervision for the offense, in which event the judge *may suspend the imposition of the sentence* and place the defendant on community supervision or may order *the sentence* to be executed. The provisions of this subdivision requiring the judge *to suspend the imposition of the sentence* and place the defendant on community supervision do not apply to a defendant who:

(A)  under Section 481.1151(b)(1), Health and Safely Code, possessed more than five abuse units of the controlled substance;

(B) under Section 481.1161(b)(3), Health and Safety Code, possessed more than one pound, by aggregate weight, including adulterants or dilutants, of the controlled substance; or

(C)  under Section 481.121(b)(3), Health and Safety Code, possessed more than one pound of marihuana.

(2)  *On conviction of a state jail felony* punished under Section 12.35(a), Penal Code, other than a state jail felony listed in Subdivision (1), the judge *may suspend the imposition of the sentence* and place the defendant on community supervision or may order *the sentence* to be executed.

(3)  The judge may *suspend* in whole or in part the *imposition* of any fine imposed *on conviction*.

Acts 2011, 82nd Leg., ch. 170, § 8, p. 713, eff. Sept. 1, 2011.  (All emphases added).

22

TEX. CODE CRIM. PROC. art. 42.12, § 15(a).  Indeed, from its inception in 1993, Section 15(a) has referred exclusively to community supervision for state-jail felonies that is imposed "[o]n conviction," and Section 15(b) has referred to permissible extensions of state-jail-felony community supervision "under this section."  Acts 1993, 73rd Leg., ch. 900, § 4.01, p. 3731, eff. Sept. 1, 1993.

and exclusively to the latter definition of "community supervision" as contained in Subsection 2 of Article 42.12, quoted above. Accordingly, when Section 15(b) refers to the period of time by which a trial judge may "extend the maximum period of community supervision *under this section*," by its plain terms it governs only extensions of the originally assessed period of community supervision for state-jail felons who have been convicted and for whom an assessed sentence must be suspended—*not* to defendants who have pled guilty to a state-jail felony and have been placed on deferred-adjudication community supervision.[23] Absent any ambiguity in the statutory language,[24] we must construe it as written unless to do so would lead to an absurd result.[25] We can discern nothing inherently absurd in construing Section 15(b) to be limited to its plain terms as described above. The Fort Worth Court of

---

[23]

*Id*. § 15(b).

[24]

The statutory language of Section 15 so clearly refers only to regular community supervision that Professors Dix and Dawson, in the first edition of their treatise, did not even believe that the Legislature had provided for deferred-adjudication community supervision for state-jail felonies *at all*. *See* George E. Dix & Robert O. Dawson, 40 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §39.61, at 741 (1st ed. 1995) ("There are two different kinds of state jail felony community supervision—regular and shock."). In later editions, they revised their assessment in recognition of a 1995 legislative amendment to Section 5(a) of Article 42.12 that made it "clear that deferred adjudication may be used in cases of state jail felonies." *Id*. at 290 (2000 supp.). *See also* George E. Dix & John M. Schmolesky, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 47:50, at 331 (3rd ed. 2011) ("In 1995, the legislature provided for deferred adjudication state jail felony community supervision[,]" citing language added to Section 5(a) by Acts 1995, 74th Leg., ch. 318, §§ 53 & 85, pp. 2750 & 2763, eff. Jan. 1, 1996).

[25]

*See, e.g., Jordan v. State*, 36 S.W.3d 871, 873 (Tex. Crim. App. 2001) ("We interpret a statute in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results.").

Appeals erred to accept the State's argument in *Turner* that no showing of good cause was required because Section 15(b) requires none.[26] We hold that Section 15(b) does not control the question, since it plainly does not authorize a trial judge to extend the originally assessed period of deferred-adjudication community supervision in a state-jail-felony case.[27]

### Sections 5(a) and 22(c)

This is not to say, of course, that defendants who receive deferred adjudication in state-jail-felony cases may never be placed on community supervision. Under Article 42.12, Section 5(a), a trial judge is given the discretion (except for certain delineated offenses) to grant deferred-adjudication community supervision for felonies and misdemeanors.[28] The

---

[26] The Fort Worth Court of Appeals cited *Mayfield v. State*, 167 S.W.3d 585, 586 (Tex. App.—Beaumont 2005, no pet.), for the proposition that Section 15(b) controls. However, *Mayfield* was a case involving *regular* community supervision following conviction for a state-jail felony, not deferred-adjudication community supervision for a state-jail felony.

[27] The State relies heavily upon a footnote in this Court's opinion in *Puente v. State*, 71 S.W.3d 340, 342 n.5 (Tex. Crim. App. 2002). It is true that in *Puente*, the defendant pled guilty to a state-jail-felony offense in exchange for the State's recommendation that he receive deferred adjudication. The trial court followed the recommendation and placed him on community supervision. Citing Sections 5(a) and 15(b) of Article 42.12, this Court observed that the maximum period of community supervision "was five years unless the trial judge, at any time during the period of community supervision, extended it up to ten years." *Id.* This observation had absolutely no bearing on our disposition of the particular issue in the case, however, and was made uncritically, without recourse to the specific language of Section 15. It was, in short, the purest form of *obiter dictum*, by which we are hardly bound today.

[28] *See* TEX. CODE CRIM. PROC. art. 42.12, § 5(a) ("Except as provided by Subsection (d) of this section, when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.").

maximum period of community supervision for felonies (including state-jail felonies) and misdemeanors is prescribed.[29] Moreover, "[a] judge may increase the maximum period of community supervision in the manner provided by Section 22(c) or 22A of this article."[30]

Section 22(c) of Article 42.12, in turn, currently provides that:

> (c) The judge may extend a period of community supervision on a showing of good cause under this section as often as the judge determines is necessary, but the period of community supervision in a first, second, or third degree felony case may not exceed 10 years and, except as otherwise provided

---

[29] *Id.* ("In a felony case, the period of community supervision may not exceed 10 years. * * * In a misdemeanor case, the period of community supervision may not exceed two years."). In most contexts, the word "felony" should be read to include a state-jail felony. TEX. PENAL CODE §§ 1.07(a)(23), 12.04(a)(5) & (b), 12.35. *See Tapps v. State*, 294 S.W.3d 175, 178 (Tex. Crim. App. 2009) ("[T]he default classification of all unclassified felonies as state-jail felonies [under Section 12.04(b) of the Penal Code] underscores the conclusion that state jail felonies are felonies unless the language of the particular statute in question indicates otherwise."). Nothing in the language of Article 42.12, Section 5(a), suggests that the Legislature did not mean for the word "felony" to embrace state-jail felonies. *See* Acts 1993, 73ʳᵈ Leg., ch. 900, §§ 1.01 & 4.01, pp. 3602-03, 3719 & 3766, § 1.01 eff. Sept. 1, 1994, § 4.01 eff. Sept. 1, 1993 (same legislation that created state-jail felonies in Texas and expressly classified them as felonies under Section 12.04 of the Penal Code also amended Section 5(a) of Article 42.12 to authorize judges to "increase the maximum period of [deferred-adjudication] community supervision in the manner provided by Section 22(c) of this article" for felonies and misdemeanors). In any event, if it was not already clear enough that "felonies" should include state-jail felonies, this was made "clear" by legislative amendment to Section 5(a) in 1995. *See* note 23, *ante* (quoting Dix & Dawson, *supra*, at 290 (2000 supp.)). Finally, language that the Legislature added to Section 15(a) of Article 42.12 in 2007 makes it all the more clear that state-jail felons may be placed on deferred-adjudication community supervision. *See* Acts 2007, 80ᵗʰ Leg., ch. 1025, § 1, p. 3565, eff. Sept. 1, 2007 (providing that a trial judge is not *required* to place a state-jail-felony defendant on *regular* community supervision when his deferred-adjudication community supervision is revoked and the trial court proceeds to conviction).

[30] *Id.* A trial judge may likewise "increase the maximum period" of regular "community supervision in the manner provided by Section 22(c) and 22A of" Article 42.12, whether that community supervision is imposed by the judge or at the recommendation of the jury. TEX. CODE CRIM. PROC. art. 42.12, §§ 3(d) & 4(c). Section 22A of Article 42.12 is a special provision governing the extension of community supervision for certain sex offenses and is not pertinent in these cases. TEX. CODE CRIM. PROC. art. 42.12, § 22A.

by this subsection, the period of community supervision in a misdemeanor case may not exceed three years. The judge may extend the period of community supervision in a misdemeanor case for any period the judge determines is necessary, not to exceed an additional two years beyond the three-year limit, if the defendant fails to pay a previously assessed fine, costs, or restitution and the judge determines that extending the period of supervision increases the likelihood that the defendant will fully pay the fine, costs, or restitution. A court may extend a period of community supervision under this section at any time during the period of supervision or, if a motion for revocation of community supervision is filed before the period of supervision ends, before the first anniversary of the date on which the period of supervision expires.[31]

Section 5(a) makes this provision applicable to deferred-adjudication community supervision

in general. It is therefore evident that a trial judge is currently authorized, "on a showing of

good cause," to extend an originally assessed period of deferred-adjudication community

supervision in first-, second-, and third- degree felony cases and in misdemeanors during the

originally assessed period if he finds it "necessary."[32] But Section 22(c) makes no express

mention of a maximum period of an extension of community supervision for a state-jail

felony. From this peculiar circumstance, Garrett extrapolates that the Legislature must not

have intended, in state-jail-felony cases, for trial judges to have the authority to extend the

originally assessed period of deferred-adjudication community supervision—*at all*.

We disagree. Section 5(a) of Article 42.12 permits a trial judge to extend the period

of deferred-adjudication community supervision "in the manner provided by Section

---

[31]

TEX. CODE CRIM. PROC. art. 42.12, § 22(c). The "showing of good cause" requirement was added to Section 22(c) by legislative amendment in 2007. *See* note 43, *post*.

[32]

*Id.*

22(c)[.]"[33]  The first clause of Section 22(c), as well as the last sentence, prescribe that manner, *i.e.*, for "good cause," "as often as the judge determines is necessary," and "at any time" within the originally assessed period of community supervision.[34]  The fact that Section 22(c) also expressly prescribes a maximum aggregate period of community supervision beyond which any extension may not go—but *expressly* does so only for first, second, and third degree felonies, and for misdemeanors—does not necessarily mean that the Legislature did not intend for trial judges to be authorized to extend the period of state-jail-felony deferred-adjudication community supervision too, as long as they conform with the *manner* of extending that community supervision as otherwise prescribed in Section 22(c).  It only means that Section 22(c) is not without ambiguity with respect to whether, and if so, how it should apply to state-jail-felony deferred-adjudication community supervision.

When a statute is ambiguous, "in order to make sure we do not defeat the legislative purpose, we think it is acceptable to consult extra-textual factors."[35]  Among the factors we may consider are the object sought to be obtained, the legislative history, and the

---

[33]  *Id.* § 5(a).

[34]  *Id.* § 22(c).

[35]  *Shipp v. State*, 331 S.W.3d 433, 439 (Tex. Crim. App. 2011) (plurality op.).  *See Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991) ("If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then *and only then*, out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation," extra-textual factors).

consequences of a particular construction.[36]  Consideration of these factors counsels against the construction of Section 22(c) that Garrett urges.

*Object sought to be obtained / consequences of a particular construction.*  From the scheme of Article 42.12 as a whole, it is indisputable that the Legislature intended that trial judges should have the general authority to extend an originally assessed period of deferred-adjudication community supervision.  Otherwise, Section 5(a)'s allusion to Section 22(c) would be meaningless.  It is hard to imagine any legislative policy to be served by providing for the extension of the period of deferred-adjudication community supervision for all *other* grades of felony, *and* for misdemeanors, but *not* for state-jail felonies.  It seems highly unlikely that, by failing to explicitly designate a maximum period of extension of community supervision for state-jail felonies in Section 22(c), the Legislature actually meant to indicate that a trial judge should lack that authority altogether.

*Legislative history.*  All of the provisions that are in issue today—Section 15, Section 22(c), and Section 5(a)'s incorporation for deferred-adjudication purposes of the trial judge's authority to extend community supervision under Section 22(c)—were added to Article 42.12 in the same legislative act in 1993.[37]  As originally enacted, Section 15(b) provided that the maximum period of regular community supervision that a judge could impose for a state-jail

---

[36]

TEX. GOV'T CODE § 311.023(1), (3) & (5).

[37]

*See* Acts 1993, 73rd Leg., ch. 900, §4.01, at pp. 3731, 3741 & 3719, respectively, eff. Sept. 1, 1993.

felony was five years.[38] While an extension of the originally assessed period of regular community supervision was expressly permitted, Section 15(b) did not originally designate a maximum period of time to which a state-jail-felony community supervision could be so extended.[39] It was only by a later amendment to Section 15(b) that a maximum period of time for an extension of the period of regular community supervision, not to exceed ten years, was expressly provided.[40] Under Section 22(c) as originally enacted (and as it remains today), the maximum extension of a period of community supervision for third, second, and first degree felonies, was expressly ten years.[41] No such maximum was expressed in Section 22(c) for purposes of state-jail felonies—perhaps because a ten-year maximum would have conflicted with the five-year overall maximum time limit that was originally contained (at least with respect to *regular* state-jail community supervision) in Section 15(b).[42] The requirement of a showing of good cause was not included in Section 22(c) as it was

---

[38]

Acts 1993, 73rd Leg., ch. 900, § 4.01, p. 3731. Authorization for trial judges to extend the five-year maximum of regular community supervision for state-jail felonies was raised to ten years in the same piece of legislation that first made it "clear" to Professors Dix and Dawson, and later to Dix and Schmolesky, that deferred-adjudication community supervision was available in state-jail-felony cases. *See* Dix & Schmolesky, *supra*, at 331; Acts 1995, 74th Leg., ch. 318, §§ 53, 60, & 85, pp. 2750, 2754, & 2763, eff. Jan. 1, 1996).

[39]

Acts 1993, 73rd Leg., ch. 900, § 4.01. P. 3731.

[40]

Acts 1995, 74th Leg., ch. 318, §§ 60 & 85, p. 2754 & 2763, eff. Jan. 1, 1996.

[41]

Acts 1993, 73rd Leg., ch. 900, § 4.01, p. 3741.

[42]

Acts 1993, 73rd Leg., ch. 900, § 4.01, p. 3731.

originally enacted.[43]  From this history of the relevant provisions of Article 42.12 so far, it remained somewhat hazy as to whether the Legislature intended that trial judges should have the authority to extend the period of deferred-adjudication community supervision for state-jail felonies.

The haze seems to have lifted, however, when the Legislature added the "good cause" requirement in a 2007 amendment to Section 22(c).[44]  In setting out the background for the various amendments to Article 42.12 to be found in H.B. 1678, 80th Legislature, including the addition of the "showing of good cause" to justify an extension of community supervision under Section 22(c), the House Research Organization Bill Analysis observed:

> Probation terms can be extended under some circumstances.  CCP art. 42.12, sec. 22(c) allows judges to extend probation periods as often as the judge deems necessary, as long as the total probation period does not exceed the limit of 10 years for first-, second-, third-degree felonies, *and state jail felons* and three years for misdemeanors.[45]

This constitutes some acknowledgment on the Legislature's part that its original intent in enacting the 1993 amendments to Sections 5(a) and 22(c) of Article 42.12 was, *inter alia*, to authorize trial judges, under certain prescribed circumstances, to extend the period of

---

[43]

   *Id.*

[44]

   *See* Acts 2007, 80th Leg., ch. 1205, § 7, p. 4081, eff. Sept. 1, 2007.

[45]

   House Research Organization, Bill Analysis, Tex. H.B 1678, 80th Leg., p. 2 (Apr. 24, 2007), http://www.hro.house.state.tx.us/pdf/ba80r/hb1678.pdf#navpanes=0.  (emphasis added).

deferred-adjudication community supervision for state-jail felons.[46] It is true that the ten-year limit that the Bill Analysis ascribes to extensions of the period of deferred-adjudication community supervision for state-jail felonies simply cannot be found in the explicit language of Sections 5(a) and 22(c) themselves. But such a limitation may be inferred from the balance of Article 42.12—both Section 5(a)'s ten-year limitation upon deferred-adjudication community supervision for felonies (including state-jail felonies) in general, and current Section 15(b)'s specific ten-year limitation on extensions to the originally assessed period of regular community supervision for state-jail felonies. In our view, then, the best way to resolve the ambiguity in the statutory scheme is to conclude, precisely as the Dallas Court of Appeals did, that a trial judge is indeed authorized to extend an originally assessed period of deferred-adjudication community supervision in state-jail felony cases by authority of Article 42.12, Sections 5(a) and 22(c), and we so hold.

## DISPOSITION

### *Garrett*

Accordingly, we affirm the Dallas Court of Appeals's conclusion that the trial court was authorized to extend Garrett's deferred-adjudication community supervision under

---

[46] While we have indeed observed that "a legislative construction of an act of another legislature is uniformly held to be entitled to little weight[,]" *Ex parte Schroeter*, 958 S.W.2d 811, 813 (Tex. Crim. App. 1997), we have not declared it to carry no weight at all and have occasionally regarded it as at least relevant to our own construction of a particular statute. *Brown v. State*, 943 S.W.2d 35, 40 (Tex. Crim. App. 1997).

Article 42.12, Sections 5(a) and 22(c).[47]  Because the trial judge granted the State's motion to revoke Garrett's deferred-adjudication community supervision well within the extended period of community supervision that he had lawfully ordered, the court of appeals rightly rejected Garrett's argument that the revocation order was invalid.  We therefore affirm the judgment of the court of appeals in *Garrett*.

### *Turner*

The Fort Worth Court of Appeals erred to hold that Section 15(b) was the proper statutory authority for extending deferred-adjudication community supervision in a state-jail-felony case, rather than Section 22(c).[48]  Even so, we must ultimately reject Turner's argument that a showing of good cause was required to justify the trial judge's extensions of her deferred-adjudication community supervision.  As we have already mentioned, Section 22(c) was amended in 2007 to require the good cause showing for the first time.[49]  The effective date of this amendment was September 1, 2007.

> [T]he change in law made by this Act applies only to a defendant initially placed on community supervision on or after the effective date of this Act.  A defendant initially placed on community supervision before the effective date of this Act is governed by the law in effect immediately before the effective

---

[47] *Garrett*, *supra*, at *1-2.

[48] *Turner*, *supra*, at *2-3.

[49] *See* note 43, *ante*.

date of this Act, and the former law is continued in effect for that purpose."[50]

Because Turner was originally placed on deferred adjudication in August of 2006, the version of Section 22(c) that was in effect at that time—*sans* the good cause requirement—applies to her. For this reason, we also affirm the judgment of the court of appeals in *Turner*.


DELIVERED:      June 20, 2012
PUBLISH

---

[50] Acts 2007, 80th Leg., ch. 1205, §§ 10 & 11, p. 4081, eff. Sept. 1, 2007.