

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. AP-76,939, AP-76,940, AP-76,941, AP-76,942, AP-76,943, AP-76,944

## EX PARTE MICHAEL LEONARD CARNEY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. F94-58738-J, F94-58739-J,F94-58740-J,
### F94-58741-J, F94-58742-J & F94-23889-J
### IN THE CRIMINAL DISTRICT COURT NUMBER THREE
### FROM DALLAS COUNTY

KEASLER, J., filed a dissenting opinion, in which HERVEY, and ALCALA, JJ., joined.

### DISSENTING OPINION

The habeas judge, in accordance with the parties' agreed findings and conclusions, recommended granting relief on Carney's present subsequent applications. The Court grants relief. But Carney's subsequent applications should be dismissed as an abuse of the writ under Texas Code of Criminal Procedure Article 11.07, § 4.

### PROCEDURAL BACKGROUND

The State moved to adjudicate Carney's deferred adjudication for the offenses of forgery, unauthorized use of a motor vehicle, and burglary of a vehicle. Carney entered

pleas of true to the technical violations the State alleged in its motion to adjudicate. On October 6, 1994, the trial judge adjudicated him guilty and sentenced him to 60 years' confinement on all three offenses to run concurrently.

On November 4, 1994, Carney entered guilty pleas, without a plea agreement with the State, in six pending cases which alleged the following offenses: two aggravated robberies, unauthorized use of a vehicle, aggravated assault of a police officer, possession of cocaine, and theft. After hearing extensive mitigating evidence, the trial judge sentenced him to 40 years' confinement on all cases to run concurrently. These convictions are the subject of the present applications for writs of habeas corpus.

On May 20, 2009 and January 14, 2011, Carney filed applications for habeas corpus complaining that, among other things, he was entitled to relief from his October 1994 convictions because he received ineffective assistance of counsel at his adjudication proceeding. On September 14, 2011, we granted relief based on the trial judge's findings of fact and conclusions of law that Carney's adjudication counsel was ineffective because he failed to investigate and present mitigation evidence.[1]

With his earlier claims for relief granted, Carney now seeks relief from his six November 1994 convictions using the same factual basis and legal theory he advanced in his writ applications challenging his October 1994 convictions. Specifically, he now asserts that

---

[1] *Ex parte Carney*, Nos. AP-76630, AP-76631, AP-76632, 2011 WL 4067759 (Tex. Crim. App. Sept. 14, 2011) (not designated for publication).

the same counsel's ineffectiveness at his adjudication in October 1994 prejudiced the judge against him on these new cases and, had he not received ineffective assistance at the motion to revoke, the judge would have imposed a lesser sentence on these cases. However, this is not Carney's first attempt to invalidate these later convictions. In 1997, Carney alleged that his pleas were involuntary due to counsel's bad advice about parole law. We denied relief.

## SUBSEQUENT APPLICATION JURISDICTION

Even though the parties agree (and the trial judge concluded) that Carney is entitled to new sentencing hearings in these cases, Article 11.07, § 4 prevents us from addressing the applications' merits.[2] To be clear, Carney asserts one issue in each application: "Ineffective assistance of counsel in three related cases caused the proceedings in these cases to be invalid in violation of due process and the right to effective assistance of counsel under the U.S. Const., amends. V, VI, and XIV." He does not claim that the trial judge prejudged his punishment or failed to consider the full range of punishment in violation of due process.[3]

Article 11.07, § 4 provides, in relevant part:

(a) If a subsequent application for writ of a habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

---

[2] *See* TEX. CODE. CRIM. PROC. art. 11.07, § 4; *see also Puente v. State*, 71 S.W.3d 340, 343 (Tex. Crim. App. 2002) (recognizing that the parties cannot confer subject matter jurisdiction upon a court).

[3] *See, e.g.*, *Ex parte Brown*, 158 S.W.3d 449, 456-57 (Tex. Crim. App. 2005) (finding that the trial court's refusal to consider the entire range of punishment violated due process).

(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application[.][4]

"A legal basis of a claim is unavailable [at the time of the initial application] if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the [Supreme Court, federal circuit court, or Texas appellate court] on or before that date."[5] "A factual basis of a claim is unavailable on or before the date [of the initial application] if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date."[6]

Unfortunately, Carney did not provide memoranda in support of his subsequent applications' claims. Without them, Carney fails to address the § 4 bar, much less establish that the factual or legal basis of his ineffective assistance of counsel claim was unavailable at the time he first challenged these convictions. However, the trial judge concluded that Carney's subsequent applications were properly before the court "because the current claims and issues have not been and could not have been presented previously in an original application because the factual and legal basis for the claim was unavailable on the date the Applicant filed the previous applications." The trial judge further concluded that the factual

---

[4] TEX. CODE CRIM. PRO. art. 11.07 § 4(a)(1).

[5] *Id*. art. 11.07 § 4(b).

[6] *Id*. art. 11.07 § 4(c).

and legal basis for the claims raised in his subsequent applications was not available until we granted relief on his October 1994 applications.

The trial judge's conclusions that Carney satisfied § 4 are incorrect. First, the legal theory upon which he bases his current requests for relief—ineffective assistance of counsel—was clearly available at the time he filed his initial application. *Strickland v. Washington*,[7] the seminal case establishing that constitutional protections include effective assistance of counsel, was decided in 1984. Indeed, Carney relied upon *Strickland* in his initial application. There, he claimed his counsel at the plea hearing on the November 1994 cases was ineffective for providing incorrect advice on his parole eligibility. Furthermore, our opinion granting Carney relief on his October 1994 convictions did not create a previously unavailable legal basis. Second, Carney's counsel's performance at his adjudication in October 1994 is not a factual basis that was not ascertainable through the exercise of reasonable diligence. In an affidavit, Carney's plea counsel states that it was readily apparent at the plea hearing that the judge was improperly influenced by previous counsel's ineffectiveness and refused to consider the mitigating evidence he introduced. Accepting counsel's affidavit as true, it proves that the factual basis now claimed is not new—it existed and was known at the time of sentencing or shortly thereafter. But with the assistance of habeas counsel, Carney chose to seek relief from his November 1994 convictions by alleging he received ineffective assistance from his plea counsel, not

---

[7] 466 U.S. 668 (1984).

adjudication counsel.

Therefore, the only conceivable argument to support our jurisdiction to address Carney's applications is a novel, yet legally unsupported one: our conclusion that adjudication counsel's performance was ineffective in other cases—undoubtedly a legal determination—can now be used as a then-unavailable factual basis. But our legal determination of adjudication counsel's conduct does not and cannot turn that performance into a newly available fact.

These applications should be dismissed as an abuse of the writ. Because the Court does not do so, I dissent.

DATE FILED: January 16, 2013

DO NOT PUBLISH