**Opinion issued November 24, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-01020-CR

_____

**SIMMIE JAMES COLSON III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 991804**

## MEMORANDUM OPINION

Appellant Simmie James Colson III was adjudicated guilty of the offense of

theft of property and sentenced to seven months' confinement in state jail. Colson

contends that the trial court judge misunderstood the applicable law and therefore

failed to consider alternative dispositions available to her, and he requests a new hearing on the State's motion to adjudicate. We affirm.

## Background

Colson was charged by indictment with the theft of property valued over one thousand dollars, but less than twenty thousand dollars—a state jail felony—occurring on or about October 14, 2003. Pursuant to a plea agreement, on October 5, 2004, Colson pleaded guilty. The trial court deferred adjudication, placed Colson on community supervision for two years, imposed a $600 fine, and ordered Colson to complete two hundred hours of community service and make restitution. Colson's two-year term of deferred-adjudication community supervision was subject to conditions requiring that he (1) periodically report to a supervision officer, (2) maintain employment and provide written documentation of his employment, (3) notify his supervision officer prior to any change of residence, (4) perform community service as ordered, and (5) pay assessed fees, fines, court costs, and restitution.

On June 20, 2006, the State filed a motion to adjudicate guilt, alleging that Colson violated several conditions of his deferred-adjudication community supervision. That same day, a capias was issued and received by the Harris County Sheriff's Office. The capias was executed over eight years later on October 21, 2014.

2

On December 11, 2014, the trial court held a hearing on the State's motion to adjudicate. Colson pleaded "True" to the violations alleged by the State, without an agreed recommendation on punishment. Colson presented testimony from seven mitigation witnesses, including himself. During testimony by Ms. Jones, the following exchange transpired between counsel and the trial court judge:

> Counsel: I explained to you what Mr. Colson is facing if the judge adjudicates him guilty, a minimum of 180 days. What would you say to the judge as to why she should exercise her discretion and do something other than adjudicate him guilty and sentence him to –
>
> Court: Please don't have these folks think that I have any discretion at all in this matter.
>
> Counsel: Okay.
>
> Court: So, I don't want them to leave here today believing the Court has some discretion in this matter, based on the situation and the law.
>
> Counsel: Okay.
> Okay. Why would you ask the Court not to send him to jail for 180 days.
>
> Witness: I think it would . . .

Ultimately, the trial court found the allegations in the motion to adjudicate true and assessed punishment of seven months' confinement in state jail.

**Discussion**

In his sole point of error, Colson contends that the trial court judge failed to consider potential alternative dispositions due to her mistaken understanding of the applicable law. In particular, Colson contends that the record reflects that the trial court incorrectly believed that she had no choice other than to impose a minimum sentence of 180 days' confinement.

**A.    Standard of Review**

Colson asserts that because the "judge was proceeding from an erroneous legal assumption as to the options available," the underlying issue is a question of law and reviewable de novo. Though Colson urges de novo review, in arguing that the trial court failed to consider the full range of punishment, Colson presents a due process issue. *See e.g.*, *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014); *State v. Hart*, 342 S.W.3d 659, 672–74 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Due process requires trial judges to be neutral and detached in assessing punishment. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A defendant is denied his due process rights when a trial court arbitrarily refuses to consider the entire range of punishment. *Id.*

Absent a clear showing to the contrary, we must presume that the trial court judge knows the law and applied the law in a fair and impartial manner. *Id.*; *Hart*, 342 S.W.3d at 673; *see also Walton v. Arizona*, 497 U.S. 639, 653 (1990) ("Trial

4

judges are presumed to know the law and to apply it in making their decisions."), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002). Explicit evidence that the trial court considered the full range of punishment indicates an absence of bias. *Id.* The absence of statements in the record suggesting the court considered something less than the full range of punishment and the hearing of extensive evidence before assessment of punishment might also indicate an absence of bias. *Id.*

## B.     Applicable Law

In order "for a trial court to have jurisdiction to adjudicate the guilt of a defendant who was on community supervision, 'both the motion to revoke and capias for arrest must be issued prior to the termination of the probationary period.'" *Ex parte Moss*, 446 S.W.3d 786, 791 (Tex. Crim. App. 2014) (quoting *Guillot v. State*, 543 S.W.2d 650, 652 (Tex. Crim. App. 1976)); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(h) (West Supp. 2015). A trial court can extend deferred-adjudication community supervision for a state jail felony as necessary, up to a term of 10 years. TEX. CODE CRIM. PROC. ANN. art. 42.15 § 5(a) (West Supp. 2015); *Garrett v. State*, 377 S.W.3d 697, 704–08 (Tex. Crim. App. 2012). However, it cannot do so once the probationary period expires. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 22(c); *id.* § 5(a) (providing that the extension of deferred-adjudication community supervision be regulated by art. 42.12, sec. 22);

5

*see also Ex parte Moss*, 446 S.W.3d at 791 (construing art. 42.12, sec. 5(h) as a codification of the judicially-fashioned rule allowing limited continuing jurisdiction to adjudicate guilt so long as a motion to adjudicate was filed and capias issued during probationary period); *Arrieta v. State*, 719 S.W.2d 393, 395 (Tex. App.—Fort Worth 1986, pet. ref'd) ("[Art.42.12] does not grant the trial court the power to amend or modify probation once the probation period has expired").

Upon an adjudication of guilt, a state jail felony is punishable by confinement in a state jail for a term of 180 days to two years. TEX. PENAL CODE ANN. § 12.35 (West 2014). In the alternative, a court may punish a defendant convicted of a state jail felony by imposing the confinement permissible as punishment for a Class A misdemeanor, which results in a fine not to exceed $4,000, confinement in jail for a term not to exceed one year, or both. TEX. PENAL CODE ANN. §§ 12.44(a) (West 2014); *id.* § 12.21 (West 2014). In either case, pursuant to article 42.12, "[a] court assessing punishment after an adjudication of guilt of a defendant charged with a state jail felony may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed, regardless of whether the defendant has previously been convicted of a felony." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b).

## C. Analysis

Colson was charged with and pleaded guilty to the state jail felony of theft by check. Colson's original two-year term of deferred-adjudication community supervision was ordered on October 5, 2004, and therefore expired in October 2006. *See Whitson v. State*, 429 S.W.3d 632, 638 (Tex. Crim. App. 2014) (explaining that in calculating the end date of deferred-adjudication community supervision, the term includes the day that supervision is ordered and excludes the anniversary date). On June 20, 2006—during Colson's term of deferred-adjudication community supervision—the State moved to adjudicate guilt and a capias issued for Colson's arrest. Though the term of supervision had ended by the time of his arrest, the trial court retained jurisdiction for the limited purpose of adjudicating Colson's guilt. *Ex parte Donaldson*, 86 S.W.3d 231, 232 (Tex. Crim. App. 2002) (per curium) ("We have long held that a trial court has jurisdiction to hear a motion to revoke . . . as long as the motion was filed, and a warrant or capias properly issued, during the probationary period.").

While the trial court retained jurisdiction to adjudicate Colson's guilt, the court had no authority to extend or modify the original term of deferred-adjudication community supervision because it had expired. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 22(c); *Arrieta*, 719 S.W.2d at 395 ("[Art. 42.12] does not grant the trial court the power to amend or modify probation once the probation

7

period has expired"); *Ex parte Lewis*, 934 S.W.2d 801, 803 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (holding that trial court had no jurisdiction to enter modification order extending community supervision after term of supervision had expired). Although Colson argues on appeal that the filing of the motion to adjudicate in July 2006 should toll the expiration of the term of community supervision, the Court of Criminal Appeals resolved long ago that the filing of the motion to adjudicate does not toll the running of a term of supervision. *Nicklas v. State*, 530 S.W.2d 537, 541 (Tex. Crim. App. 1975) (rejecting State's argument that filing of a motion to revoke probation and issuance of warrant tolls running of probationary period); *see also Arrieta*, 719 S.W.2d at 395 (concluding that timely filing of motion to revoke probation "does not toll the running of the probationary period, and in fact probation continues to run and may expire"); *Hunter v. State*, 640 S.W.2d 656, 659 (Tex. App.—El Paso 1982, pet. ref'd) ("A motion to revoke and capias do not toll the running of the probationary period."). Accordingly, Colson's original two-year term of deferred-adjudication community supervision continued to run after the State filed the motion to adjudicate, and the authority of the trial court to continue or modify Colson's supervision expired at the end of that two-year term. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 22(c). We conclude that, contrary to Colson's suggestion, the trial court could not have extended his deferred-adjudication community supervision.

Colson contends that the trial court incorrectly believed that she had no available alternative dispositions other than sentencing Colson to at least 180 days' confinement. In support, Colson relies on the following exchange:

> Counsel: I explained to you what Mr. Colson is facing if the judge adjudicates him guilty, a minimum of 180 days. What would you say to the judge as to why she should exercise her discretion and ***do something other than adjudicate him guilty and sentence him*** to –
>
> Court: Please don't have these folks think that I have any discretion at all in this matter.
>
> Counsel: Okay.
>
> Court: So, I don't want them to leave here today believing the Court has some discretion in this matter, based on the situation and the law.

(emphasis added). Relying on this exchange, Colson contends that the trial court judge believed "she did not have any discretion to take a step other than sending Colson to a state jail upon finding the allegations of supervision violations to be true." In so doing, Colson reads too much into this ambiguous exchange. *Cf. Grado*, 445 S.W.3d at 738 (concluding that trial court violated defendant's right to be sentenced after consideration of entire punishment range where record showed that trial court expressly accepted the State's erroneous assertion that a 10 year minimum applied and admonished defendant accordingly). The exchange could be interpreted as correctly stating that the trial court judge lacked discretion to avoid

9

adjudicating Colson guilty because he admitted the alleged violations. Indeed, immediately following the exchange, counsel reframed his question to ask the witness why the trial court should exercise *discretion in sentencing*: "Why would you ask the Court not to send him to jail for 180 days?"; and the trial court judge notably did not restate her request that witnesses not be given the impression that she had some discretion in the matter. Thus, viewed in its entirety and coupled with the well-settled principle that we must assume the trial court judge knows the law, we conclude that a reasonable reading of the exchange reflects that the trial court judge understood that she had no discretion to avoid an adjudication of Colson's guilt, but that she did have discretion in determining his sentence upon an adjudication of guilt. *See Jenkins v. State*, No. 05–14–00195–CR, 2015 WL 3522813, at \*3 (Tex. App.—Dallas June 3, 2015, no pet.) (mem. op., not designated for publication) (though trial court judge mistakenly believed appellant originally pleaded to a 10 year sentence, stated on record that he did not believe appellant had done anything on probation to justify reducing that sentence, and revoked probation and sentenced appellant to 10 years' confinement, record did not show that trial court refused to consider full range of punishment available). This conclusion is supported by the fact that there is no indication in the record that the trial court judge erroneously believed that she had no discretion with regard to sentencing following an adjudication of guilt. *Brumit*, 206 S.W.3d at 645 (absence

10

of comments suggesting trial court considered something less than full range of punishment indicates absence of bias, thereby supporting presumption that trial court's actions were correct).

The sentencing options available to the trial court included a sentence within the prescribed punishment for a state jail felony or a Class A misdemeanor, and once ordered, the sentence could be executed or suspended in favor of community supervision. The trial court imposed a sentence within the available range. There is no clear indication in the record to overcome our presumption that the trial court judge understood the applicable law and applied it in a fair and impartial manner in determining Colson's sentence. *See id.* Accordingly, we find no error in the trial court's decision to sentence Colson within the statutory range for a state jail felony and to order that the sentence be executed. *Barrow v. State*, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006) (explaining that sentencing decisions are unassailable on appeal so long as punishment is within legislatively prescribed range and is based on informed normative judgment of judge or jury); *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (explaining that, generally, "as long as a sentence is within the proper range of punishment it will not be disturbed on appeal").

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).