ACCEPTED
12-15-00195-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/30/2015 2:33:11 PM
Pam Estes
CLERK

CAUSE NO. 12-15-00195-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
12/30/2015 2:33:11 PM
PAM ESTES
Clerk

FOR THE

STATE OF TEXAS

---

STEVEN MOORE,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

---

**STATE'S REPLY TO APPELLANT'S BRIEF**

---

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

MICHAEL J. WEST
Assistant Crimina1 District Attorney
State Bar I.D. No. 21203300
Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702
ph: (903) 590-1720
fax: (903) 590-1719
mwest@smith-county.com

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REPLY TO APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**COUNTERPOINTS ONE-TWO: Appellant has failed to properly
preserve his Points of Error by objecting. Alternatively, there
was no abuse of the trial court's discretion in not acknowledging
the possibility of a deferred adjudication where Appellant pled
"true" to the enhancement paragraphs and was also a parole violator
at the time of his pleas in this case.** . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## INDEX OF AUTHORITIES

**STATUTE/RULES**                                                                    **PAGE**

**TEX. CODE CRIM. PROC. ANN. (Vernon 2015)**

Art. 42.12, Sec. 5 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

**TEX. PENAL CODE ANN. (Vernon 2015)**

§ 12.42(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

**TEX. R. APP. PROC. (Vernon 2015)**

Rule 33.1 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3, 4
Rule 38.1 (I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

**FEDERAL CASES**                                                                    **PAGE**

*Johnson v. U.S.*, 520 U.S. 461, 117 S. Ct. 1544,
L. Ed. 2d 718 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

**STATE CASES**                                                                      **PAGE**

*Carrillo v. State,* 98 S.W.3d 789
(Tex.App. - Amarillo 2003, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . .    4

*Cole v. State*, 931 S.W.2d 578
(Tex.App. - Dallas 1995, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . .    4, 7

*Flournoy v. State*, 589 S.W.2d 705
(Tex.Crim. App. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

*Garrett v. State*, 377 S.W.3d 697
(Tex.Crim.App. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

*McClenan v. State*, 661 S.W.2d 108
(Tex.Crim.App. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6, 7

**S**TATE **C**ASES **(C**ONT**)** **P**AGE

*Seifried v. State*, No. 11-10-00006-CR, 2011 Tex.App. LEXIS 8541
(Tex.App. - Eastland October 27, 2011, *no pet.*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Speth v. State*, 6 S.W.3d 530
(Tex.Crim.App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Teixeira v. State*, 89 S.W.3d 190
(Tex.App. - Texarkana 2002, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Washington v. State*, 71 S.W.3d 498
(Tex.App. - Tyler 2002, *no pet.*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CAUSE NO. 12-15-00195-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

STEVEN MOORE,

APPELLANT
V.

THE STATE OF TEXAS,

APPELLEE

**STATE'S REPLY TO APPELLANT'S BRIEF**

**TO THE HONORABLE COURT OF APPEALS**:

Comes now the State of Texas, through the undersigned Assistant Criminal District Attorney, and respectfully urges this Court to overrule Appellant's alleged errors and affirm the judgment of the trial court in the above-numbered cause.

STATEMENT OF THE CASE

Appellant, Steven Moore, was charged in Cause No. 007-0446-15, in the 7th District Court of Smith County, Texas, with the offense of Possession of a Controlled

1

Substance. On July 14, 2015, the parties met in court, Appellant with counsel, and after being fully admonished according to the law, Appellant entered an open plea of "Guilty" to the offense alleged by the indictment. (RR 4: 64). Appellant further entered sworn pleas of "True" to two enhancement paragraphs in the indictment alleging prior felony convictions. (RR 4: 64). At a separate sentencing hearing held on August 3, 2015, the Court heard evidence and argument of counsel and imposed a thirty-five (35) years sentence and no fine. (RR 5: 20).

Appellant gave timely notice of appeal and a brief has been filed with the Court. The State's response brief will be timely filed if received by the clerk of the Court on or before December 30, 2015.

STATEMENT OF FACTS

Appellant has stated the essential nature of the evidence presented at trial. In the interest of judicial economy any other facts not mentioned herein that may be relevant to disposition of Appellant's points of error will be discussed in the State's arguments in response to those points.

REPLY TO APPELLANT'S POINTS OF ERROR AND SUMMARY OF ARGUMENT

**COUNTERPOINTS ONE-TWO: Appellant has failed to properly preserve his Points of Error by objecting. Alternatively, there was no abuse of the trial court's discretion in not acknowledging the possibility of a deferred adjudication where Appellant pled "true" to the enhancement paragraphs and was also a parole violator at the time of his pleas in this case.**

2

## A.    Summary of Argument

Appellant argues in two points that the trial court violated his due process rights by finding him guilty before the sentencing phase of trial and thus foreclosing the possibility of a deferred adjudication of guilt. (Appellant's brief at 5-7). According to Appellant, had the trial court waited until the punishment phase to make a finding of guilt it would have allowed him to "prove himself to the Court." *Id*. at 6.

However, there is no merit to this claim for several reasons. First because Appellant has not preserved this error by objection. Next, Appellant pleaded "True" to the habitual offender enhancement paragraphs in the indictment before the trial court found him guilty and thus the applicable sentencing range was a minimum of twenty-five years to life. Finally, Appellant fails to mention in his brief that the trial court was aware that he was on parole when he committed the offense in this case and when he enter his pleas of "Guilty" and "True" as well.

## B.    Appellant did not object at Trial on the Basis now argued on Appeal

As a preliminary matter, Appellant did not object at any time to the trial court's allegedly premature finding of guilt. (RR 4: 73). A complaint that the trial court refused to consider the entire range of punishment for an offense or refused to consider the evidence and imposed a predetermined punishment is not preserved for review unless a timely objection is raised at trial. TEX. R. APP. P. 33.1 (a); *Teixeira*

*v. State*, 89 S.W.3d 190, 192 (Tex.App. - Texarkana 2002, *pet. ref'd*); *Washington v. State*, 71 S.W.3d 498, 499-500 (Tex.App. - Tyler 2002, *no pet.*).

In recognition that these points were not properly preserved by objection Appellant argues that he has alleged a "structural error" and thus no objection was necessary. However, he offers no authority for this proposition and it has not been properly briefed. TEX. R. APP. P. 38.1 (i).[1] As such, Appellant has not shown that he has properly preserved the errors he is alleging by objecting at trial for the reasons now argued in this appeal. His points should be overruled. *Washington*, 71 S.W.3d at 499-500; *see also Cole v. State*, 931 S.W.2d 578, 580 (Tex.App. - Dallas 1995, *pet. ref'd*) (defendant waives his due process complaint regarding sentencing if he does not bring the error to the trial court's attention by proper objection).

## C.  Appellant pleaded true to being an Habitual Offender

In this case, the applicable punishment range due to Appellant's pleas of "True" to the enhancement paragraphs was that of an habitual offender. (RR 4: 64). A person can be charged and convicted as a habitual offender if, prior to the present charged

---

[1] A "structural error" affects the framework within which the trial proceeds. Only a narrow line of cases have reversed a conviction based on structural error. *See Johnson v. U.S.*, 520 U.S. 461, 468-69, 117 S. Ct. 1544, 1549-50, 137 L. Ed. 2d 718 (1997) (listing cases involving structural error: total deprivation of right to counsel, lack of impartial trial judge, unlawful exclusion of grand jurors of defendant's race, denial of right to self-representation at trial, right to public trial, erroneous reasonable-doubt instruction to jury) (citations omitted);

offense, he has been convicted of two prior felonies on separate occasions. TEX. PENAL CODE ANN. § 12.42(d). The punishment for a person convicted as a habitual offender is confinement for life or for a term of not less than twenty-five or not more than ninety-nine years. *Id*.

## D.    The Trial Court had complete Discretion in assessing Punishment

Appellant has argued that the trial court foreclosed the possibility of a deferred adjudication by finding him guilty before sentence and thus violated his due process rights. However, Applicant has not shown this Court any authority which stands for his proposition that he has a due process "right" to a deferred adjudication. The law provides that it is entirely within the Court's discretion to defer a finding of guilt or not. *See Garrett v. State*, 377 S.W.3d 697, 704 (Tex.Crim.App. 2012) ("Under Article 42.12, Section 5(a), a trial judge is given the discretion . . . to grant deferred-adjudication community supervision for felonies and misdemeanors.").[2]

---

[2] Section 5 provides in part that:

**Sec. 5.    Deferred Adjudication; Community Supervision**.

(a) Except as provided by Subsection (d) of this section, when in the judge's opinion the best interest of society and the defendant will be served, the judge *may*, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

TEX. CODE CRIM. ANN. Art. 42.12, Sec. 5 (a) (Vernon 2015).

It is submitted that the proper focus of the Court's review of this case should be on whether the trial court abused its discretion where Appellant specifically waived a jury and requested that the trial court determine sentencing. (CR: 48, 59-60; RR 4: 54-59).

The law provides that the decision of whether to defer a guilt finding and grant community supervision to the accused rests entirely within the discretion of the trial court and is not reviewable on appeal. *See Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim.App. 1999); *Flournoy v. State*, 589 S.W.2d 705, 707 (Tex.Crim. App. 1979); *see also Seifried v. State*, No. 11-10-00006-CR, 2011 Tex.App. LEXIS 8541 *4-5 (Tex.App. - Eastland October 27, 2011, *no pet.*) (not designated for publication) ("Appellant elected to have the trial court assess punishment. In such cases, the decision of whether to grant community supervision to the accused rests entirely within the discretion of the trial court and is not reviewable on appeal.").[3]

### E.    Due Process only requires Consideration of the full punishment Range

While Appellant has no due process right to a specific punishment the law does, however, require that the trial court consider the full range of punishment. A

---

[3] The State proffers unpublished opinions to point out the reasoning of the courts therein when faced with very similar facts "rather than simply arguing without reference, that same reasoning." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex.App. - Amarillo 2003, *pet. ref'd*).

6

trial court deprives a defendant of due process of law if it arbitrarily fails to consider the full punishment range in assessing punishment. *See McClenan v. State*, 661 S.W.2d 108, 110 (Tex.Crim.App. 1983); *Cole*, 931 S.W.2d at 579. The record in this case is silent as to what range of punishment was considered by the trial court prior to the finding of guilt being imposed after Appellant's plea.

However, by not deferring the finding of guilt, it can be inferred that the trial court, in its discretion, apparently made a decision that such was not an appropriate resolution to this case. The record shows that this was clearly not an abuse of the court's discretion where, prior to finding Appellant guilty, the trial court was specifically aware that: (1) the indictment alleged prior convictions which if found true would establish Appellant as an habitual offender. (RR 2: 5, RR 3: 42, 54, 59); (2) Appellant intended to plead "true" to the enhancement provisions in the indictment. (RR 3: 42, 54, 59); (3) Appellant was on parole at the time of the offense and when he entered his guilty plea. (RR 3: 13-15, 19, 49); (4) Appellant's parole was pending revocation. (RR 3: 13-14); and, (5) the State had filed notice of intent to prove at least seven other prior convictions and two pending charges during the punishment phase of trial. (CR: 15-16, RR 3: 7).

Thus, contrary to Appellant's claim that "the court would not have been aware of any other circumstances" of Appellant's life beyond the facts of this case, the

record shows that the trial court knew that Appellant was an habitual criminal who had committed the instant drug possession offense while out on parole from another drug possession conviction. (RR 3: 13-15, 19, 49). The Court was also aware that the State intended to prove that Appellant had been previously convicted of other criminal offenses such as assault, criminal trespass, possession of marijuana, resisting arrest and burglary of a vehicle. (CR: 15-16).

In short, there was certainly sufficient evidence in the record from which a reasonable jurist in his discretion could conclude that Appellant was a very poor candidate for a deferred adjudication probation. Appellant has not shown otherwise.

For these reasons, there is no merit to Appellant's Points of Error and they should be overruled.

## PRAYER

**WHEREFORE**, for the reasons stated herein, the State of Texas prays that the Court of Appeals overrule Appellant's Points of Error and affirm the judgment of the 7th District Court, Smith County, Texas, in this case.

Respectfully submitted,

D. MATT BINGHAM
Smith County Criminal District Attorney

_/s/ Michael J. West_____
Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the pertinent sections of the State's Reply Brief in the above numbered cause contain 1483 words, an amount which complies with Texas Rule of Appellate Procedure 9.4 (I) (Vernon 2015).

_/s/ Michael J. West_____
Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this <u>30th</u> day of <u>December</u>, 2015, the following have been completed:

(1) The original of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to the Clerk of the Court of Twelfth Court of Appeals.

(2) A legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to:

Mr. James Huggler
Attorney at Law
100 E. Ferguson, Ste. 310
Tyler, Texas 75702

_/s/ Michael J. West_____
Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300